464 P.2d 589

**Merwyn L. WILKINSON, Plaintiff,**

**v.**

**INDUSTRIAL COMMISSION of Utah, Garrett Freightlines, Inc., and Truck Insurance Exchange, Defendants.**

**No. 11814.**

Supreme Court of Utah.

Jan. 30, 1970.

---

Thomas M. Burton, Roger H. Thompson, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., Charles Welch, Jr., Salt Lake City, for defendants.

ELLETT, Justice:

This matter is before the court for review of a ruling of the Industrial Commission whereby the plaintiff was denied benefits under the Workmen's Compensation Act. By its order the Commission found that the applicant (plaintiff herein) was not in the course of his employment at the time of the accident of which he complains. Plaintiff was injured while attempting a lefthand turn across Redwood Road directly in front of the headquarters of Garrett Freightlines, Inc., his employer, hereafter called Garrett. Redwood Road is a wide street running north and south with three entrances on the west side thereof leading into and from the Garrett plant.

The plaintiff was a driver on the "extra board" of Garrett and as such would be called in his turn to drive large tractor-trailer units provided he was available when called. Garrett had an agreement with the union to which the plaintiff belonged which required an "alert" notice to be given to "extra board" drivers between the hours of five p. m. and seven p. m. to ascertain if the driver would be available for work, and thereafter a firm call to report for work would be given two hours prior to departure time. If a driver could not be reached between five p. m. and seven p. m., his name was placed at the foot of the "extra board," and he would have to await his new turn before he would be called for work.

Plaintiff lived alone, and if he was not home between five and seven p. m., he would miss his turn at work. On the day of the accident he called Garrett's terminal manager and said he would call in again at five thirty p. m. This arrangement was to protect his position on the "extra board."

Most of the runs of Garrett begin at night, and the company would not know until approximately five p. m. how many runs would be required to be made. The plaintiff only worked as he was called. He had no fixed salary, but instead was paid by the trip.

Instead of waiting at home for the call or of waiting until five thirty p. m. to phone, as he had told the manager he would do, he personally dropped into the office about four p. m., at which time he knew or should have known that he could not be told if there would be work

for him that night. He was not being paid at the time and was neither required nor invited to be present. He was there of his own volition and for his own purposes, which perhaps were to see how many names were ahead of his own on the "extra board."

When he left Garrett's, he drove his motorcycle onto Redwood Road easterly across the southbound lanes of traffic, intending to make a lefthand turn and go north. However, he was involved in a collision with a southbound car near the center of the street and received the injuries for which he sought benefits under Workmen's Compensation Act.

Section 35–1–85, U.C.A.1953, provides: "* * * The findings and conclusions of the commission on questions of fact shall be conclusive and final and shall not be subject to review; * * *." This court has many times held that it will not interfere with the orders of the Commission unless it appears as a matter of law that the order is contrary to law and contrary to the evidence, and to the same effect it has often said that unless the Commission arbitrarily and capriciously disregards competent, material, and substantial evidence, its decision will not be disturbed by the Supreme Court. See the many cases cited in footnote 10 of the annotation following the section cited above.

The plaintiff admits that the accident did not occur "in the course of" his employment but claims that it did arise "out of" his employment and relies upon the language of Section 35–1–45, U.C.A.1953, which provides that an employee shall be entitled to benefits if he is injured "by accident arising out of *or* in the course of his employment, *wheresoever such injury occurred,* * * *." [Emphasis added.]

He relies upon two cases which he says will compel an award in his favor. The first one is that of Cudahy Packing Co. v. Industrial Commission, 60 Utah 161, 207 P. 148, 28 A.L.R. 1394 (1922). In that case the dependents of a deceased employee were given an award by the Industrial Commission on the theory that death arose out of and in the course of employment. The facts were that the Cudahy plant was on a lane used almost entirely by it, its customers, and its employees. Three railroads served the plant, and the only entrance thereto was down this lane and across the tracks of the railroads. The car in which the deceased was riding was run over by a train, and he was killed when about 100 feet from his place of work. The Commission there found that the Cudahy business was dependent upon the shipping facilities furnished by the railroads, and the near proximity of the tracks to the plant was an essential ele-

ment in the successful operation of the business. This court at page 165 of the Utah Report at page 150 of 207 P. said:

* * * If there is liability for the injury under consideration, it must be founded upon the inferable fact that the danger incident to crossing this railroad track, by reason of its location and proximity to the packing plant, must be held to have been within the contemplation of the parties at the date of the employment. The accident would therefore both arise out of and occur in the course of employment. No other theory finds support in the decisions of the reported cases. * * *

In the instant case the Commission found against the plaintiff, while in the Cudahy case it found for the dependents and made the award. The dangers incident to entrance into the Cudahy plant are not present in this case. Garrett abuts upon a wide street in the industrial part of this city, and there are no special hazards along the way. The only hazard at all is that type which every person has who enters or leaves a street.

The second case relied upon by plaintiff is that of Bountiful Brick Co. v. Industrial Commission, 68 Utah 600, 251 P. 555 (1926). That is another case where an employee was killed by a train upon tracks adjacent to the place of employment. There the employer caused a gap to be made in a fence between the plant and the tracks and thereby invited the employees to use a place of ingress and egress which was inherently dangerous. The Commission made an award as it did in the Cudahy case. In affirming the award made, this court at page 604 of the Utah Reports at page 556 of 251 P. said:

* * * The employee, in crossing the track at any time, was exposed to a peril which is common to all, but by virtue of his employment he was required to cross the track regularly and continuously, thus being peculiarly and abnormally exposed to a common peril. It is the greater degree of exposure to the peril which arises as an incident to the employment which sustains the causal relation between the employment and the accident.

Neither the Bountiful Brick case nor the Cudahy case is any authority for *reversing* the order of the Industrial Commission in the instant case.

The plaintiff cites a number of other cases where injury away from the place of work occurred, but in all of them there was some element of service to the employer involved at the time of the accident The order made is affirmed. No costs are awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.