465 P.2d 175

Gladys F. LUNDBERG, widow of Leo Lathum Lundberg, Deceased, et al.,
Plaintiffs,

v.

CREAM O'WEBER/FEDERATED DAIRY FARMS, INC., Liberty Mutual Insurance Company, and Industrial Commission of Utah, Defendants.

No. 11663.

Supreme Court of Utah.

Feb. 5, 1970.

D. M. Draper, Jr., and W. Brent Wilcox, of Draper, Sandack & Saperstein, Salt Lake City, for plaintiffs.

Richard H. Moffat, of Moffat, Iverson & Taylor, Salt Lake City, for defendants.

· CROCKETT, Chief Justice.

Review of a decision of the Industrial Commission denying Gladys Lundberg Workmen's Compensation for the death of her husband caused by a collision with a train while he was driving from his home to a meeting at the offices of his employer, Cream O'Weber/Federated Dairy Farms, Inc.

The plaintiff's deceased husband, Leo Lundberg, was employed as a sales manager in Salt Lake County for the defendant, Cream O'Weber Dairy. His duties included working with and supervising sales personnel. This required extensive use of an automobile both during and after normal working hours. A company automobile was available to him. But he chose the option given him by the company of using his own car, for which he was reimbursed at eight cents per mile traveled in the course of his duties. But this did not include payment for travel to and from work.

On the morning of August 31, 1965, there had been arranged an 8:00 a. m. meeting

with company personnel at the company offices, 2500 South Second West in Salt Lake City, which the deceased's duties required him to attend. As he was coming from home at about 7:30 a. m., driving northward on Second West, he was killed in a collision with a train at 3900 South.

The pivotal question which was confronted by the Commission, and which is the subject of review here, is the one which so frequently recurs in cases of this type: Was the death caused "by accident arising out of or in the course of his employment" as required by our statute?[1] That statutory language seems clear and unambiguous enough. But like practically all laws, which must of necessity be cast in general terms, the difficulties which arise are in the application to particular fact situations, as is attested by the multifarious contested cases under such statutes.

It is true that the statute does not require that a compensable accident be at any particular place and that Workmen's Compensation coverage has been approved in certain cases even though the employee had not arrived at the place of employment. Plaintiff places reliance on cases of that character, Bailey,[2] and Moser[3] v. Industrial Commission. She contends that they are extensions of or "exceptions" to the well-established rule: That traveling to and from work is not part of the employment and is not covered by Workmen's Compensation.[4] Neither in the cases referred to, nor in any other of which we are aware, has this court expressed an intention to depart from that rule.[5] An examination of those cases will reveal that referring to them as "exceptions" to the rule stated is not strictly accurate. They are simply specific applications of the statute to particular fact situations. Notwithstanding what has been said in those cases, it is fundamental that even though the employee may not be at a regular place of work, he must be performing a duty for his employer, or one which is so connected with his employment as to be an essential part thereof, so that the mandate of the statute is met that there must be an "accident arising out of or in the course of employment."

Reverting to the facts here in the light of the law just stated: The meeting which the deceased was to attend that morning, although specially called for the purpose of the business, was not an unusual occurrence so that traveling to it was

1. See Sec. 35-1-45, U.C.A.1953.
2. Bailey v. Utah State Industrial Comm., 16 Utah 2d 208, 398 P.2d 545.
3. Moser v. Industrial Comm., 21 Utah 2d 51, 440 P.2d 23.
4. See Covey-Ballard Motor Co. v. Industrial Comm., 64 Utah 1, 227 P. 1028; Wilson v. Industrial Comm., 116 Utah 46, 207 P.2d 1116.
5. See Wilkinson v. Industrial Comm., 23 Utah 2d 428, 464 P.2d 589 (Jan. 1970), and cases referred to therein.

a special assignment or mission for the employer; nor was the use of his own car in going to work any such essential aspect of the carrying on of the business as to be regarded as an integral part thereof to take it out of the going to and from work exclusion.

Under the facts shown we can see no justification for the conclusion argued for by the plaintiff that the Commission acted capriciously, arbitrarily and unreasonably in refusing to find that the deceased was in the course of his employment.[6]

Affirmed. No costs awarded.

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

6. See Kent v. Industrial Comm., 89 Utah 381, 57 P.2d 724.