506 P.2d 1271

Eleanor W. BARNEY, widow of Carl W. Barney, Deceased, Plaintiff,

v.

INDUSTRIAL COMMISSION of Utah, et al., Defendants.

No. 13149.

Supreme Court of Utah.

Feb. 26, 1973.

A. Wally Sandack, Salt Lake City, for plaintiff.

Vernon B. Romney, Atty. Gen., William J. O'Connor, Jr., of Ray, Quinney & Nebeker, Salt Lake City, for defendants.

ELLETT, Justice:

This matter is before us to review an order of the Industrial Commission denying any award to the plaintiff because of the death of her husband. She claims that he lost his life while in the course of his employment and that the Commission acted arbitrarily and capriciously in denying compensation to her.

The deceased was killed in an automobile accident while returning home from work. The hearing examiner ruled that he was in the course of his employment, but the Commission by a divided vote reversed the hearing examiner and held that no compensation was payable for the reason that the decedent was not in the course of his employment at the time of the accident which resulted in his death.

■ The facts are not in dispute. The deceased was a bricklayer and belonged to a union which had an agreement with his employer, A. E. Anderson, Inc., whereby he would be paid $6.37 base pay for each hour worked. The agreement further provided that the hourly rate of pay would be increased by $1.75 when the job was more than 60 miles from the location of the labor temple of the local union to which the deceased belonged. The job site where deceased worked was more than 60 miles from the labor temple, and so the hourly rate of pay for the decedent was $8.12. There was no requirement that the deceased live at any particular place, and his rate of pay would have been the same had he lived at the job site or at any other location.

The plaintiff contends that her husband was paid for travel time and that he was in the course of his employment from the time he left home until he returned from work.

This contention is not sound. The employer had no control over the deceased as to where he lived or how he got to work. If the deceased elected not to return home, it was his own business. The only interest the employer had was to see that the deceased was paid only for the number of hours he worked on the job.

■ Ordinarily an employee is deemed not to be within the course of his employment if he furnishes his own transportation and is injured while going to or from the premises where he is employed.[1]

1. 99 C.J.S. Workmen's Compensation § 236; Postal Telegraph Cable Co. v. Industrial Accident Comm., 1 Cal.2d 730, 37 P.2d 441 (Cal.1934); Covey-Ballard Motor Co. v. Industrial Comm., 64 Utah 1, 227 P. 1028 (1924); Wilson v. Industrial Comm., 116 Utah 46, 207 P.2d 1116 (1949); Wilkinson v. Industrial Comm., 23 Utah 2d 428, 464 P.2d 589 (1970).

The law in Utah was clearly stated in the case of Lundberg v. Cream O'Weber,[2] wherein plaintiff sought to have this court reverse the Industrial Commission's order rejecting her claim for compensation. There, plaintiff's husband met his death in an automobile-train collision while on his way to a meeting scheduled at his employer's office. In affirming the ruling of the Industrial Commission this court said:

It is true that the statute does not require that a compensable accident be at any particular place and that Workmen's Compensation coverage has been approved in certain cases even though the employee had not arrived at the place of employment. Plaintiff places reliance on cases of that character, Bailey, and Moser v. Industrial Commission. She contends that they are extensions of or "exceptions" to the well-established rule: That traveling to and from work is not part of the employment and is not covered by Workmen's Compensation. Neither in the cases referred to, nor in any other of which we are aware, has this court expressed an intention to depart from that rule. An examination of those cases will reveal that referring to them as "exceptions" to the rule stated is not strictly accurate. They are simply specific applications of the statute to particular fact situations. Notwithstanding what has been said in those cases, it is fundamental that even though the employee may not be at a regular place of work, he must be performing a duty for his employer, or one which is so connected with his employment as to be an essential part thereof, so that the mandate of the statute is met that there must be an "accident arising out of or in the course of employment."

We think that the ruling of the Industrial Commission in this matter is correct, and it is affirmed. No costs are awarded.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, J., concur.

---

2. 24 Utah 2d 16, 465 P.2d 175 (1970).