█ In the Matter of the Claim of SUE R. LOVE, Respondent, v. N. Y. S. CRAIG SCHOOL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed November 3, 1972, which affirmed a Referee decision holding that the accident arose out of and in the course of employment. Claimant, a hospital attendant in a State hospital, was injured in an auto accident in January, 1971, while driving to a practical nursing school at a time when she was on a one-year, fully-paid educational leave of absence from her job. The record indicates that claimant's leave of absence was contingent upon her maintaining a grade level specified by the employer; that the employer disseminated information concerning, and encouraged participation in, the leave program through bulletin board notices and a number of personnel meetings; that the program was for the benefit of the employees and the employer by providing better qualified employees; that claimant received her regular pay from the employer, which moneys did not come from any special fund; that she was required by the employer to train only in the field in which she was then employed; that she was required to return to work during any school vacation period of more than two weeks; that claimant was not a field employee and, although her normal duties were performed at the Craig State School, she could have been given some assignments at times requiring her to travel; and that claimant and the employer discussed a moral commitment on claimant's part to return to work for at least the length of time she was on leave. The board found that the school attendance arose out of the employment, based on findings that the school attendance was induced by the employer, who provided substantial financial assistance through the continuance of pay and who stood to benefit from claimant's improved knowledge and skills. The board further "found that having to travel to a place removed from her regular employment site constituted a deviation from her usual travel route to work and was caused by the employment, and therefore at the time claimant was driving to the school she was within the course of employment." It is clear from the record that claimant, although acting outside her regular duties, did so in good faith and in advancement of the employer's interests and that the school attendance arose out of her employment (see *Matter of Correll* v. *Tutrone Print. Co.*, 277 App. Div. 817; 1 Larson, Workmen's Compensation Law, § 27.00, p. 5–212). There are numerous examples of the control which the employer had over claimant's activities, such as those concerning her grade level, the course of study she could take, and the need to return to work during vacation periods in excess of two weeks, and the fact that the school attendance arose out of the employment can be established on the basis of control alone (*Matter of Grigoli* v. *Nito*, 11 A D 2d 581). While the general rule is that risks of travel to and

from work are not risks of employment, this rule has been modified to except, among others, "outside" employees and employees directed to perform a "special errand" or service for the employer (*Matter of Costa* v. *New York State Workmen's Compensation Bd.,* 34 A D 2d 585). Strong support for the board's decision is found in *Matter of Bump* v. *Central School Dist. No. 3, Montrose, N. Y.* (40 A D 2d 243), involving the death of a high school teacher returning from a course at a college, the cost of which was shared by his Board of Education and which he attended to further his school's program, wherein it was held (p. 244) that "Attendance at the particular place and incidental travel do not remove an employee from the employment even if voluntary, if such attendance was incidental to the ordinary employment and was undertaken at the employer's request". We conclude that claimant could be considered to have been performing a special service or work related assignment for the employer requiring a deviation from her usual travel route at the time of the accident. The instant case is distinguishable from *Matter of Costa* (*supra*) in that, here, there was strong encouragement by the employer for claimant to take the nursing course, and the employer would admittedly benefit from her having done so. Claimant's activity conformed to a custom established by the employer, and she may be considered to have been engaged in this special service or work related assignment within the limits of her employment and, consequently, to be entitled to benefits (cf. *Matter of O'Donnell* v. *Board of Educ. of City of Buffalo,* 15 A D 2d 600). Decision affirmed, with costs to the Workmen's Compensation Board. Cooke, Kane and Main, JJ., concur; Greenblott, J. P., and Sweeney, J., dissent and vote to reverse in a memorandum by Greenblott, J. P. Greenblott, J. P. (dissenting). We respectfully dissent. When claimant left her work as an attendant in the State hospital and became a fulltime student at the practical nursing school for the one-year period at full pay, in effect her job situs changed to that of the nursing school. Thus she did not change her status as an inside employee to that of an outside employee during this period. Accordingly, she should not receive compensation benefits for injuries sustained while going to and from her work. The general rule that risks of travel to and from work are not risks of employment should be applicable in this case. In view of the fact that claimant was required to attend the nursing school daily for a period of one full year it is obvious that this cannot be considered "a special errand" as the majority has found. The majority's reliance upon *Matter of Bump* v. *Central School Dist. No. 3, Montrose, N. Y.* (40 A D 2d 243) is misplaced. In *Bump* the employee was injured while traveling between his regular work site and the site at which he was taking additional employment-related training. Here there was no such travel between two points where the claimant's attendance was required by the employer. The decision of the board should, therefore, be reversed and the claim dismissed.