**STATE of Utah (TAX COMMISSION),
and the State Insurance Fund,
Plaintiffs and Appellants,**

v.

**The INDUSTRIAL COMMISSION OF
UTAH and Shirley L. Fulton,
Defendants and Respondents.**

No. 19668.

Supreme Court of Utah.

July 6, 1984.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., James R. Black, Wendy B. Moseley, Salt Lake City, for plaintiffs and appellants.

K. Allan Zabel, H. Delbert Welker, Salt Lake City, for defendants and respondents.

HOWE, Justice.

This case is before us on a writ of review of a decision by the Industrial Commission which adopted and approved an administrative law judge's ruling that Shirley L. Fulton suffered a compensable industrial accident in the course of her employment.

 The sole issue presented is whether Fulton suffered her injuries during the course of her employment, as found by the Industrial Commission, or on her way to work, as alleged by her employer, the Utah State Tax Commission, and its insurer, the State Insurance Fund. Our standard of review in Industrial Commission cases is stringent. In reviewing the Commission's interpretations of general questions of law, we apply a correction-of-error standard, with no deference given to the expertise of the Commission. In reviewing questions of fact, we defer to a great degree to the Commission's findings and reverse only where they are without foundation in the evidence. In determining whether the Commission correctly applied the findings of basic facts to the legal rules governing the case, we will uphold the Commission, so long as its decision was reasonable in light of the language of the statute, the purpose it aims to achieve and the public policy behind it. *Utah Department of Administrative Services v. Public Service Commission,* Utah, 658 P.2d 601 (1983). It is the third of the above standards that we apply here. The Commission's finding that Fulton was in the course of her employment when she suffered her injury involved a question of fact. Its interpretation of the court-fashioned rule defining course of employment required the weighing of several factors to arrive at a conclusion on the ultimate facts, and we must determine whether that decision was reasonable. We conclude that it was and affirm.

At the time of her accident Fulton was an employee with the Motor Vehicle Division of the Tax Commission. She had worked at the Brigham City branch during all of her seven years with the Tax Commission. In November of 1982 the Tax Commission informed her that she could take a two-month training program in its Salt Lake City facilities to become familiar with newly implemented office procedures and to train for computer-related operations. Fulton had asked for this training, as several of the other branch offices had switched to computer operations, and she expected the Brigham City branch to follow suit soon. She had attended four or five workshops in Salt Lake City before and had been reimbursed for those trips. At the beginning of the training program at issue here, she had asked for and received

mileage reimbursement forms, which she intended to submit on a biweekly basis. Arrangements were made to replace her at the Brigham office whenever the workload demanded it, but most of her work was to be performed by one other employee. Fulton's pay was to continue in full force during the training program, but she was not given overtime pay for travel time, estimated at a little over an hour each way. The Salt Lake City office provided her with the name of a pay carpool. Fulton joined it for one day, but decided to use her own car, as several of the employees had to drop children off at various places and the detours consumed considerable time. On the morning of December 13, 1982, a snow storm had impaired road conditions on I–15, and Fulton was involved in a three-car accident. Her injuries resulted in an eight-month absence from work.

After reviewing the file and transcript of the hearing before the administrative law judge, the Commission sustained the entitlement to worker's compensation benefits with the following findings:

> It would appear to the Commission that although the applicant desired to have the training offered by the Salt Lake City office, it was likewise the desire of the defendant employer, the Tax Commission. The Tax Commission selected the time for training and, in effect, told her to go. Although she was not, in fact, reimbursed for mileage, she was reimbursed for other seminars which involved travel to Salt Lake City and there is a reasonable inference that she would have been reimbursed in this case had her vouchers been submitted.

■ The purpose of the Workers' Compensation Act is to protect employees who sustain injuries arising out of their employment by affording financial security during the resulting period of disability. *Wilstead v. Industrial Commission*, 17 Utah 2d 214, 407 P.2d 692 (1965). To give effect to that purpose, the Act should be liberally construed and applied to provide coverage. Any doubt respecting the right of compensation will be resolved in favor of

the injured employee. *McPhie v. Industrial Commission*, Utah, 567 P.2d 153 (1977).

■ The Act provides that every employee who is injured in an accident "arising out of or in the course of his employment, wheresoever such injury occurred" shall be compensated for resulting losses. U.C.A., 1953, § 35–1–45. From that rule of blanket coverage, courts have fashioned an exception, sometimes known as the "coming and going rule," which denies compensation for injuries suffered on the way to and from work. *Barney v. Industrial Commission*, 29 Utah 2d 179, 506 P.2d 1271 (1973); *Lundberg v. Cream O'Weber*, 24 Utah 2d 16, 465 P.2d 175 (1970). Whether or not the injury arises out of or within the scope of employment depends upon the particular facts of each case. *Kinne v. Industrial Commission*, Utah, 609 P.2d 926 (1980). The injury has been held compensable where transportation was furnished by the employer to the benefit of the employer, id.; where the employer requires the employee to use a vehicle as an instrumentality of the business, *Bailey v. Industrial Commission*, 16 Utah 2d 208, 398 P.2d 545 (1965); where the employee is injured while upon a "special errand" or "special mission" for the employer, *Wilson, et al. v. Industrial Commission, et al.*, 116 Utah 46, 207 P.2d 1116 (1949) (dictum); *Chandler v. Industrial Commission*, 60 Utah 387, 208 P. 499 (1922); where ingress and egress at place of employment are inherently dangerous, *Bountiful Brick Co. v. Industrial Commission*, 68 Utah 600, 251 P. 555 (1926); *Cudahy Packing Co. of Nebraska v. Industrial Commission*, 60 Utah 161, 207 P. 148 (1922); and where the employee combined pleasure and business on a trip, and the business part predominated, *Ogden Standard Examiner v. Industrial Commission*, Utah, 663 P.2d 88 (1983); *Martinson v. W–M Insurance Agency, Inc.*, Utah, 606 P.2d 256 (1980) (dictum).

This Court has not previously decided whether injuries are compensable where the employee was on her way to a job-related training program away from her usual

place of employment. The Tax Commission contends that Fulton was on her way to work. She continued regular work hours, was not in fact reimbursed for the extra travel, continued to receive regular pay, and asked to train in the program to enhance her own proficiency. Other jurisdictions have dealt with similar fact situations, and the emergent trend of the law has been distilled into a general statement of the law as follows: "An act outside an employee's regular duties which is undertaken in good faith to advance the employer's interests, whether or not the employee's own assigned work is thereby furthered, is in the course of employment." 1A A. Larson, Larson's Workmen's Compensation Law, § 27.00 (1982). A similar rule was fashioned in *Dimmig v. Workmen's Compensation Appeals Board*, 101 Cal.Rptr. 105, 6 Cal.3d 860, 495 P.2d 433 (1972):

> The rule which emerges from these cases is that when the employee engages in a special activity which is within the course of his employment, and which is reasonably undertaken at the request or invitation of the employer, any injury suffered while traveling to and from the place of such activity is also within the course of employment and is compensable.

*Dimmig* involved an employee who had taken night classes in furtherance of a B.A. degree and was killed on his way home. Advance degrees were encouraged by the employer and compensation promised. In *Johnson Stewart Mining Co. v. Industrial Commission*, 133 Ariz. 424, 652 P.2d 163 (Ariz.App.1982), mechanics taking a training seminar after hours were compensated for a traffic accident on the ground that the educational seminar benefited the employer, and travel to and from classes was within the scope of employment. In *Watson v. U.S. Fire Insurance Co.*, Tenn., 577 S.W.2d 668 (1979), the court found that injuries arising out of an employment-mandated trip to a national park for a training program were compensable, although at the time of the accident, the employee was traveling from a friend's house where he had stayed the night. In *Love v. N.Y.S.*

*Craig School*, 42 App.Div.2d 796, 345 N.Y. S.2d 710 (1973), a nurse was injured while traveling to classes she was attending at the inducement of her employer and while she continued to receive pay. The court held that the deviation in travel was occasioned by her employment and thus within its scope (citing to *Bump v. Central School District No. 3, Montrose, N.Y.*, 40 App.Div.2d 243, 338 N.Y.2d 998 (1972), where the court found that her "[a]ttendance at the particular place and incidental travel do not remove the employee from the employment even if voluntary, if such attendance was incidental to the ordinary employment and was undertaken at the employer's request."). In *Tatum-Reese Development Corp. v. Industrial Commission*, 30 Colo.App. 149, 490 P.2d 94 (1971), a real estate salesman was killed on his way back from on-the-job training away from his regular place of employment. The court there fashioned a "travel status" exception "where an employee is required to travel away from his home city or town on his employer's business."

Against the backdrop of the totality of the circumstances surrounding the case under review, we now determine whether the Commission's findings supported the award, U.C.A., 1953, § 35–1–84(2), and whether Fulton's travel falls within the "special errand" exception to the "coming and going" rule. Several factors cited by the Tax Commission in arguing against such a finding were decisive in the cases, ante, to bring the travel within the course of employment. Fulton embarked on her training program with the knowledge and permission, and at the direction, of the Tax Commission. See *Love, supra*. The Industrial Commission inferred from a review of the record that Fulton would have been reimbursed had her voucher been submitted. It found that the Tax Commission desired Fulton to participate in the program, further inferring that the Tax Commission would have benefited from her training program had she been able to complete it. See *Johnson Stewart Mining Co., supra; Love, supra*. The training activity

was directly related to her job function. See *Dimmig, supra.*

Other cases dealing with the special errand exception focus also on the nature of the journey as an additional factor, whether it was more onerous, inconvenient and hazardous, and whether extraordinary rather than normally incident to the employment. *Johnson v. Fairbanks Clinic,* Alaska, 647 P.2d 592 (1982); *Schell v. Blue Bell, Inc.,* Or.App., 637 P.2d 914 (1981). Fulton's trip to Salt Lake City required that she leave her home at 6:30 a.m. to arrive at work by 8:00 a.m. According to her own testimony she never would have otherwise chosen to drive to Salt Lake City in December or January, as driving was hazardous during that time of year. One reason she preferred her own car over the pay carpool was that she could leave work early if it started to storm. Her travel may be reasonably termed extraordinary rather than normally incident to her employment.

In light of the facts of this case and the law applicable to them, we hold that Fulton suffered her injuries while on a special errand for her employer. The Commission's denial of petition for review is affirmed. Costs are awarded to Fulton.

HALL, C.J., and STEWART and DURHAM, JJ., and SCOTT DANIELS, District Judge, concur.