Stephen **WHITEHEAD** and **Deborah Whitehead, Plaintiffs and Appellees,**

v.

**VARIABLE ANNUITY LIFE INSURANCE COMPANY, Larry Anderson, American Motor Sales Corporation and Jeep Corporation, Defendants and Appellants.**

**No. 19645.**

Supreme Court of Utah.

Feb. 2, 1989.

Raymond M. Berry, Pamela G. Heffernan, Salt Lake City, for defendants and appellants.

Jackson Howard, Richard B. Johnson, Provo, for plaintiffs and appellees.

HOWE, Associate Chief Justice:

Defendant Variable Annuity Life Insurance Co. (VALIC) appeals from a directed verdict holding it liable as a matter of law for the negligence of its employee, Larry Anderson.

Anderson served as a district manager/salesman for VALIC. His duties included supervising salesmen and marketing annuities. VALIC furnished him with an office in Salt Lake City, complete with telephone, telex, and a full-time secretary/office manager. He usually arrived at his office between 9 and 10 a.m. and left for the day around 5 p.m. He used his own car to commute to and from work and for sales calls during the day. He was reimbursed for business mileage, but not for commuting between his home in Provo and his office. In addition to his office work, he occasionally made sales calls on his way home and made phone calls to clients from his home.

On the evening of October 16, 1979, Anderson left his office around 5 p.m. to return home. He testified at trial that he intended to make some work-related phone calls after dinner. He had no appointments between Salt Lake City and Provo that evening or the following day. On his way home, Anderson's station wagon struck the rear of plaintiffs' vehicle. Plaintiffs' vehicle went out of control and rolled, seriously injuring plaintiff Stephen Whitehead.

At trial, a jury found Anderson negligent in causing the accident. He was held liable for 30 percent of the 1.6 million dollar award of damages.[1] Plaintiffs, Anderson, and VALIC all moved for a directed verdict on the issue of vicarious liability. The judge denied VALIC's motion, and the issue was sent to a jury, which found that Anderson was not using his vehicle for the benefit of his employer at the time of the accident. The trial court nevertheless granted plaintiffs' and Anderson's motions for a directed verdict that, as a matter of law, Anderson was in the scope of his employment at the time of the accident. VALIC was held vicariously liable. It appeals, assailing the directed verdict.

■ In order to hold an employer vicariously liable for the negligent acts of its employee, the employee's acts must be committed in the course and scope of his employment. *Gleason v. Salt Lake City*, 94 Utah 1, 74 P.2d 1225 (1937); *see generally* 53 Am.Jur.2d *Master and Servant* §§ 417, 427 (1970). As a general rule, an employee is not acting within the course and scope of his employment when he is traveling in his own automobile to and from work. *Cherne Construction v. Posso*, 735 P.2d 384 (Utah 1987); *Soldier Creek Coal v. Bailey*, 709 P.2d 1165 (Utah 1985); *Barney v. Industrial Commission*, 29 Utah 2d 179, 506 P.2d 1271 (1973).

This general rule has been applied by this Court in workers' compensation cases. *Posso; Soldier Creek Coal; Barney v. Industrial Commission; Lundberg v. Cream O'Weber/Fed. Dairy Farms, Inc.*, 24 Utah 2d 16, 465 P.2d 175 (1970). How-

---

1. AMC/Jeep was held liable for the remaining 70 percent because of the negligent design of the 1972 Jeep Commando in which plaintiffs were riding. AMC/Jeep has filed a separate appeal 801 P.2d 920, which we also decide today.

ever, the principle is not limited to workers' compensation; other jurisdictions have also applied the so-called "coming and going rule" under facts similar to the instant case to deny third-party negligence claims.

In *Heide v. T.C.I.*, 264 Or. 535, 506 P.2d 486 (1973), the Oregon Supreme Court held that the employer should have been granted a directed verdict on the issue of vicarious liability where the accident occurred on the employee's way home from work. The employee there, as in the instant case, used her own car for business. She was reimbursed for business mileage, but not for commuting to and from work. She had business literature in the car and frequently worked at home after hours and on weekends. The court ruled, as a matter of law, that she was not acting to benefit her employer and her employer had no control over her at the time of the accident.

Likewise, in *Wills v. Correge*, 148 So.2d 822 (La.Ct.App.1963), a salesman who used his own car to make sales calls had concluded his business for the day and was on his way home when his station wagon struck and injured a child. The court applied the general rule that "an employee, in going to and from his place of employment, is not considered as acting within the scope of his employment to such an extent as to render his employer liable to third persons for the employee's negligent acts." *Id.* at 824 (citations omitted). The court relied on the fact that the employee was not under the employer's control, nor was the employee's trip home at the time of the accident taken "to benefit or serve the employer or his business to the extent that the employer can be held responsible under the doctrine of respondeat superior." *Id.* at 825.

In *Coates v. Murphy*, 270 A.2d 527 (Del. 1970), the defendant, Murphy, was a salesman who used his own car to call on customers. He would report to the office in the morning and then call in from time to time during the day to learn what other visits he was to make. While on his way home to have lunch with his wife, he was involved in an automobile accident that took the life of the plaintiff's decedent. The Delaware Supreme Court found that

Murphy was not in the scope of his employment, even though he planned to call his office to receive instructions for the remainder of the day when he arrived home. The court reasoned that "no purpose of the employer was served by Murphy's trip" since the planned telephone call could have been made anywhere and was merely incidental to his purpose in going home to have lunch.

Having previously adopted the "coming and going rule" in workers' compensation cases, we here extend that principle to cases involving third-party negligence actions and hold that generally an employee is not in the scope of his employment for purposes of third-party negligence claims when he is traveling to and from work.

Plaintiffs contend that even if the general rule is applicable to third-party negligence claims generally, it should not apply in this case. They claim that Anderson's conduct falls outside the rule since he made sales calls at various locations and times in addition to his office work. They rely on *Moeller v. De Rose*, 222 P.2d 107 (Cal.Dist. Ct.App.1950), where the California court declined to apply the general rule to a rural deliveryman, stating: "That rule is applicable where the employee is required to perform services at a fixed place on particular premises. . . ." *Id.* at 114. The main question in *De Rose* was whether the defendant was an employee or an independent contractor. De Rose was a rural deliveryman who was involved in an accident while completing his rounds making collections. Unlike Anderson, he had no office, and unlike the instant case, the accident did not occur during a daily commute between home and his place of work.

Plaintiffs also contend that Anderson was impliedly required to bring his vehicle to his place of business for use there and therefore should be considered in the scope of his employment while "coming and going" to work. They cite *Bailey v. Utah State Industrial Commission*, 16 Utah 2d 208, 398 P.2d 545 (1965), in support of this contention. However, that case is readily distinguishable. In *Bailey*, it was the "regular and definite duty" of the employ-

ee to take the automobile to the employer's shop, where it was used by others, as well as by himself, during the day. The car contained special tools and implements used for repairing customers' automobiles and was on call at all hours in case of emergency. In contrast, in the instant case the car itself was of no special use or value to the business; it was merely a means of transportation. Any other means of transportation would have served equally well. Anderson had no duty to bring his family car to work and make it available for use by other employees or customers.

The major premise of the "going and coming" rule is that it is unfair to impose unlimited liability on an employer for conduct of its employees over which it has no control and from which it derives no benefit. Therefore, the major focus in determining whether or not the general rule should apply in a given case is on the benefit the employer receives and his control over the conduct. Plaintiffs here assert that VALIC benefited by (1) having Anderson bring his own car to work, since he then had it available to make sales calls, and (2) the work Anderson was able to do at his home after normal business hours. Anderson's employment contract provided that he was to devote his entire productive time, ability, and attention to the business of the company. Plaintiffs contend that these facts justify the trial court's finding that Anderson was in the scope of his employment at the time of the accident.

■ Anderson basically worked a nine-to-five schedule. He had a fixed office where the bulk of his work was performed. He frequently left the office for sales calls or meetings; however, at the time of the accident he was not on a sales call, an errand, or a special mission for his employer. VALIC had no control over Anderson's decision to commute to and from work, the route he chose, or the manner in which he drove his automobile. The fact that Anderson frequently used his car for business purposes does not make VALIC liable for all accidents he may be involved in. Liability for an employee's negligence is imposed only when the employee is acting

for the benefit of the employer and under his control. Anderson's commute on the evening in question did not possess these essential characteristics; therefore, we apply the general rule that an employee is not within the course and scope of his employment while going to and coming home from his place of employment.

■ Plaintiffs also contend that Anderson's conduct should come under another exception to the general rule. The so-called "dual purpose exception" has been applied in cases where the employer is benefited by the employee's conduct, even though the employee may have some personal motivation for his actions. Plaintiffs argue that because Anderson testified he intended to make some phone calls after supper, his trip home had a "dual purpose," since his employer would have benefited from the phone calls even though the primary motivation for the trip was personal.

We have taken a different view of this exception. In *Martinson v. W–M Insurance Agency, Inc.*, 606 P.2d 256, 258 (Utah 1980), we stated:

> [I]f the predominant motivation and purpose of the activity is in serving the social aspect, or other personal diversion of the employee, even though there may be some transaction of business or performance of duty merely incidental or adjunctive thereto, the person should not be deemed to be in the course of his employment....

One useful test is whether the trip is one which would have required the employer to send another employee over the same route or to perform the same function if the trip had not been made. *Id.* at 258; *see generally* 1 A. Larson, Workmen's Compensation Law § 18.12 (1985, Supp.1987).

The fact that Anderson stated that he had planned to make some phone calls later that evening did not turn his daily commute into a trip primarily motivated by a business purpose; nor would VALIC have needed to send someone else over the same route to accomplish any of its purposes. The phone calls could have been made as easily from Anderson's office or any other

location. It was merely incidental that he chose to make them from his home.

We hold that the "coming and going rule" is applicable in cases involving third-party negligence claims. Where a third party is seeking to hold an employer vicariously liable, the employee must be in the "course and scope of his employment," that is, he must be acting to benefit his employer and subject to his control. The trial court erred in ruling that Anderson was in the course and scope of his employment at the time of the accident as a matter of law. The order directing a verdict in favor of plaintiffs and Anderson is reversed, and the case is remanded to enter judgment in favor of VALIC in accordance with the jury verdict.

HALL, C.J., and DURHAM and ZIMMERMAN, JJ., concur.

STEWART, J., concurs in the result.