2001 UT App 98

**WINDSOR INSURANCE COMPANY, Plaintiff and Appellant,**

v.

**AMERICAN STATES INSURANCE CO., Defendant and Appellee.**

**No. 20000093–CA.**

Court of Appeals of Utah.

March 29, 2001.

---

Trent J. Waddoups, Carr & Waddopus, Salt Lake City, for Appellant.

Robert C. Morton and Tim Dalton Dunn, Dunn & Dunn, Salt Lake City, for Appellee.

Before Judges JACKSON, ORME, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Plaintiff Windsor Insurance Company (Windsor) appeals from the trial court's decision granting summary judgment and dismissing its claims against defendant American States Insurance Company (American States). We affirm.

1. Although Ms. Chambers's boyfriend owned the

## BACKGROUND

¶ 2 On May 15, 1993, Labor Services, Inc. (LSI), a temporary employment agency, contacted Brenda Chambers regarding a temporary clerking position at a local landfill. Ms. Chambers, whom LSI had previously used to fill temporary employment positions, agreed to fill the position. During their conversation regarding the assignment, the LSI representative told Ms. Chambers that she was expected at the landfill at 9:30 a.m.

¶ 3 Although on previous occasions Ms. Chambers took public transportation or received a ride to the temporary job sites, on this occasion she decided to use her boyfriend's car.[1] LSI did not (1) require Ms. Chambers to use her own car, (2) pay her for travel time, (3) tell her what route to take, or (4) require her to first report to LSI's office before heading to the landfill.

¶ 4 While traveling to the landfill, Ms. Chambers stopped at a store near her home to purchase nylons. Upon leaving the store's parking lot and proceeding to the landfill, Ms. Chambers collided with a vehicle driven by Kathryn Zaborski. Both drivers suffered injuries from the accident and were transported to the hospital by ambulance. Windsor was Ms. Zaborski's insurer.

¶ 5 After paying Ms. Zaborski's claim, Windsor sued Ms. Chambers for negligence. Windsor failed to name either LSI or American States, LSI's insurer, as parties to the suit. On August 20, 1996, Windsor obtained a default judgment against Ms. Chambers for $41,299.23. On April 7, 1998, nearly five years after the accident, Windsor sued American States seeking indemnification of Ms. Chambers for the funds paid to Ms. Zaborski. Windsor alleged in its complaint that Ms. Chambers "was acting within the course and scope of her employment [for LSI]" when she collided with Ms. Zaborski, and therefore, Ms. Chambers was covered under LSI's insurance policy. Windsor argued that American States was liable as LSI's insurer.

¶ 6 On March 24, 1999, Windsor filed a motion for partial summary judgment, argu-

car, it was registered in Ms. Chambers's name.

ing that LSI's business interest was furthered when Ms. Chambers, a temporary employee with neither a fixed place of work nor fixed hours, traveled to the landfill. As such, Windsor argued that Ms. Chambers's commute was within the course and scope of her LSI employment, and therefore, the "going and coming" rule did not bar American States' liability for Ms. Chambers's accident.

¶ 7 In response, American States filed a cross-motion for summary judgment arguing that (1) the four-year statute of limitations for negligence claims found in Utah Code Ann. § 78–12–25(3) (1999), barred Windsor's claims; and (2) Ms. Chambers was not acting within the course and scope of her LSI employment when she traveled to the landfill, and therefore, the "going and coming" rule did in fact bar Windsor's claims.

¶ 8 On August 24, 1999, the trial court granted American States' motion ruling that (1) the "going and coming" rule bars LSI's and American States' liability for Ms. Chambers's accident; and (2) alternatively, the four-year statute of limitations bars Windsor's claims. This appeal followed.

## ISSUES AND STANDARD OF REVIEW

¶ 9 Windsor argues that the trial court erred by ruling that (1) Ms. Chambers, a temporary employee, was subject to the "going and coming" rule while commuting to the landfill; and (2) the statute of limitations barred Windsor's claims against American States.

¶ 10 We review a trial court's decision to grant summary judgment for correctness, giving no deference to the trial court's legal determinations. *See Shattuck–Owen v. Snowbird Corp.*, 2000 UT 94, ¶ 9, 16 P.3d 555. "In determining whether summary judgment is appropriate, ' "we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." ' " *Id.* (quoting *K & T, Inc. v. Koroulis*, 888 P.2d 623, 624 (Utah 1994) (citation omitted)).

## ANALYSIS

¶ 11 Windsor argues that because of the unique nature of temporary employment, temporary employees such as Ms. Chambers should not be subject to the "going and coming" rule. Windsor makes three arguments in support of its position. First, Windsor argues that temporary employees are "required to report to various or constantly changing work sites," and thus, are continually "subject to the hazards of the street." Next, Windsor argues that Ms. Chambers's commute to the landfill was the "*essence* of her duties as LSI's employee." (Emphasis added.) Finally, Windsor argues that Ms. Chambers's stop to purchase nylons while in route to the landfill furthered LSI's business interest. As such, Windsor maintains that Ms. Chambers's commute to the landfill was therefore "within the scope and course of her LSI employment."

¶ 12 Generally, an employer is responsible for the negligent acts of its employees when those acts are committed "in the course and scope of . . . employment." *Whitehead v. Variable Annuity Life Ins.*, 801 P.2d 934, 935 (Utah 1989). However, "an employee is not acting within the course and scope of his employment when he is traveling in his own automobile to and from work." *Id.* The basis for the "going and coming" rule is that accidents and injuries sustained during the commute to and from work are " 'a consequence of [the] risks and hazards to which all members of the traveling public are subject rather than risks and hazards having to do with and originating in the work or business of the employer.' " *Drake v. Industrial Comm'n*, 939 P.2d 177, 182 (Utah 1997) (citation omitted).

¶ 13 In the present matter, Windsor urges us to create an exception to the general rule for temporary employees. However, from the record before us, we find nothing to distinguish Ms. Chambers's commute to the landfill from that of any other individual commuting to work on that particular day. LSI did not require Ms. Chambers to take her vehicle to the landfill. Indeed, on previous occasions Ms. Chambers took public transportation or received a ride to various job sites. LSI neither compensated Ms. Chambers for her travel time, nor instructed Ms. Chambers which route to take to the

landfill. Accordingly, Ms. Chambers was no different than any other employee traveling to work on the highway that particular day.

¶14 Finally, we are not persuaded by Windsor's arguments that Ms. Chambers's commute was the "essence of her duties for LSI" or that Ms. Chambers's stop to purchase nylons furthered LSI's business interest. Ms. Chambers was sent by LSI to the landfill to perform temporary clerical duties. Her commute to the landfill was incidental to the clerical duties she was to perform. Further, Windsor's contention that Ms. Chambers buying nylons furthered LSI's business interest is untenable. Ms. Chambers's stop was no different than any other employee stopping at the dry cleaners or stopping to purchase clothes either on the way to or from work. We therefore conclude that there is insufficient reason to create an exception to the "going and coming" rule. Accordingly, the trial court was correct in its application of the "going and coming" rule and the subsequent dismissal of Windsor's claims.[2]

¶15 The judgment of the trial court is affirmed.

¶16 WE CONCUR: NORMAN H. JACKSON, Associate Presiding Judge, GREGORY K. ORME, Judge.

---

2. Because we find the "going and coming" rule dispositive of Windsor's claims, we do not address American States' statute of limitations claim.