**2024 UT App 119**

## THE UTAH COURT OF APPEALS

LILLIAN ACKLEY,
Petitioner,

*v.*

LABOR COMMISSION AND LOWE'S,
Respondents.

Opinion
No. 20220966-CA
Filed August 22, 2024

Original Proceeding in this Court

Stony V. Olsen and Michael Gary Belnap,
Attorneys for Petitioner

Mark D. Dean and Kristy L. Bertelsen,
Attorneys for Respondent Lowe's

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and RYAN M. HARRIS
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1 Lillian Ackley once again challenges the Utah Labor Commission's (the Commission) denial of her claim for workers' compensation benefits and asserts that the Commission erred in its application of the idiopathic fall doctrine to her workplace accident. On remand from this court, the Commission determined that the conditions of Ackley's employment at Lowe's did not increase her risk of being injured in a fall. We clarify our holding in our previous opinion and again set aside the Commission's decision with instructions for further proceedings.

BACKGROUND

¶2 The facts supporting Ackley's claim for benefits have already been recounted in this court's decision in Ackley's first petition for judicial review. *See Ackley v. Labor Comm'n*, 2021 UT App 42, ¶¶ 2–6, 487 P.3d 882. We therefore repeat only those facts most pertinent to the issues raised in this current case.

¶3 In December 2014, Ackley fell to a concrete floor while she was working at Lowe's. *See id.* ¶ 2. Ackley had been in the process of labeling a hammer when it began to slip, and she "grasped it more tightly" with her right hand. *Id.* The act of exerting greater force on the hammer aggravated a ganglion cyst on Ackley's third finger of her right hand, causing it to burst. *Id.* The ruptured cyst caused Ackley extreme pain and loss of consciousness, leading Ackley to fall to the concrete floor. *Id.* Ackley suffered multiple serious injuries as a result of her workplace accident, including "a closed head injury, a torn rotator cuff in her right shoulder, a non-healing scalp lesion, hearing loss, and left-shoulder pain." *Id.* "Ackley had surgery to repair her torn rotator cuff, and the injury to her ear eventually prompted the need for a hearing aid. Doctors who evaluated Ackley agreed that the fall led to the injuries identified above." *Id.*

¶4 To pay for her injuries, Ackley filed a claim for benefits with the Commission, alleging that her work activities led to her injuries. Lowe's did not dispute that Ackley fell and was injured while at work but argued that Ackley's fall was caused by a preexisting condition, which rendered her injuries noncompensable. *See id.* ¶ 3.

¶5 Ackley's claim proceeded to a hearing before an administrative law judge (the ALJ). *See id.* ¶ 4. The ALJ "found that Ackley was injured when she gripped the hammer and experienced intense pain associated with irritation to the ganglion cyst, causing her to black out and fall," but determined that "Ackley bore the burden of demonstrating that her workplace

activities both medically and legally caused the injuries for which she sought workers' compensation benefits." *See id.* "The ALJ concluded that although Ackley had shown medical causation, she failed to demonstrate legal causation because the exertion of gripping a hammer is 'both usual and ordinary' and 'comparable to the exertion associated with typical nonemployment activities'" and thus denied Ackley's claim for benefits. *Id*.

¶6     Ackley appealed this denial to the Commission, where she argued that "the ALJ erred in focusing only on the act of gripping the hammer as the cause of her injuries rather than the entirety of the accident," such as the presence of a concrete floor. *See id.* ¶ 5. "The Commission rejected Ackley's arguments and affirmed the ALJ's decision, stating that 'the absence of a legal causal connection between [Ackley's] employment and the intense right-hand pain she cited as the reason for losing consciousness and falling to the floor severs any causal connection between her work activity of gripping the hammer and her subsequent injuries from falling.'" *Id.* "The Commission also rejected the applicability of the idiopathic[1] fall doctrine to Ackley's claim, noting that the doctrine requires a worker to fall 'because of strictly idiopathic factors rather than a pre-existing condition aggravated by a work activity.'" *Id.* (quoting 1 Lex K. Larson, *Larson's Workers' Compensation Law* § 7.04[1][b] (2020) (explaining that an idiopathic fall is one caused by an employee's preexisting internal weakness or disease)).

¶7     Then, Ackley filed a motion for reconsideration before the Commission. *Id.* ¶ 6. Citing *Tavey v. Industrial Commission*, 150

---

1. This court recognized in our previous opinion that while the Workers' Compensation Act does not define "idiopathic," the dictionary defines it as "'arising spontaneously or from an obscure or unknown cause' or as 'peculiar to the individual.'" *Ackley v. Labor Comm'n*, 2021 UT App 42, ¶ 5 n.4, 487 P.3d 882 (quoting *Idiopathic*, Webster's Third Int'l Dictionary (2002)).

P.2d 379 (1944), "the seminal Utah case for the idiopathic fall doctrine," Ackley "urged the Commission to reconsider its decision 'because Utah courts have stated that a fall, regardless of the cause of the fall, is an accident by itself.'" *Ackley*, 2021 UT App 42, ¶ 6. The Commission agreed that Ackley's fall was idiopathic in nature but went on to analyze Ackley's injury based on "whether it was caused by work-related exertion." *Id.* "Ultimately, the Commission determined that any increased risk of injury Ackley faced was because of her ganglion cyst and not because of any workplace requirement," and thus denied her motion for reconsideration. *Id.*

¶8 Ackley then sought judicial review of her claim by this court. This court determined that Ackley's fall was idiopathic and that the Commission incorrectly focused on the question of whether gripping the hammer was an unusual or extraordinary exertion. *See id.* ¶ 28. We recognized that the determination of whether employment conditions increased or aggravated an employee's risk of injury from a fall to level ground is factual and should be decided on a case-by-case basis. *See id.* We therefore set aside the Commission's denial of benefits and remanded the matter for the Commission to determine whether the work conditions at Lowe's placed Ackley at an increased risk of suffering injury from her fall. *See id.* ¶¶ 21, 25.

¶9 Following remand and further evidentiary hearing, the Commission once again denied Ackley workers' compensation benefits based on the presumption that "[g]enerally, idiopathic conditions . . . that manifest in the work setting are not compensable." Though it recognized that the inquiry before it was "whether the conditions of the floor and [Ackley's] surrounding work area contributed to the hazard of her fall and increased her risk of injury," the Commission determined that "the evidence in the record does not support the conclusion that [Ackley's] employment placed her in a position increasing the dangerous effects of her idiopathic fall." The Commission stated as follows:

> If the court [of appeals] believes a fall similar to the one suffered by [Ackley] should be considered compensable *due to the hardness of the floor* and what the court perceives as similar effects between striking one's head against a concrete floor and against a *comparably hard object such as a metal cabinet or shelf*, it is the court's prerogative and its place to clearly implement such a standard. It is also possible that the court—as suggested by [Ackley]—determines that the mere presence of increased risk is sufficient to causally connect her idiopathic fall to her employment even if she does not come in contact with the hazards that pose the increased risk. The Commission does not read the court's order of remand as clearly implementing either one of those scenarios, however.

(Emphasis added.)

## ISSUE AND STANDARD OF REVIEW

¶10 Ackley seeks judicial review of the Commission's latest decision denying her claim for workers' compensation benefits. On review, we consider again whether the Commission erred when it denied Ackley's claim for benefits related to her injuries resulting from an idiopathic fall at her workplace. In this context, we review the legal determinations of the Commission under a correction-of-error standard. "In the context of a legal-cause analysis in fall cases, the legal effect of a given set of facts depends on whether the injury was caused by an employee's employment and employs an objective legal standard that we are in a better position to analyze than the Commission. Thus, our review is non-deferential." *Ackley v. Labor Comm'n*, 2021 UT App 42, ¶ 7, 487 P.3d 882 (quotation simplified).

ANALYSIS

¶11 We take responsibility for previously returning this matter to the Commission with less than clear instructions on how to proceed. As discussed below, we now determine that compensation can be awarded in idiopathic fall cases like Ackley's if an employee can demonstrate that the hardness of the workplace floor increased the severity of the injuries caused by an idiopathic fall.

¶12 Under the Utah Workers' Compensation Act, "[a]n injured employee is entitled to benefits if the employee is 'injured . . . by accident arising out of and in the course of the employee's employment.'" *Ackley v. Labor Comm'n*, 2021 UT App 42, ¶ 8, 487 P.3d 882 (quoting Utah Code § 34A-2-401(1)). To succeed on a claim for benefits then, first "the employee bears the burden of proving he or she was injured 'by accident.'" *Id.* (quoting Utah Code § 34A-2-401(1)). And second, the employee must prove that the accident "aris[es] out of and in the course of the employee's employment." Utah Code § 34A-2-401(1). That is, "the employee [must] show a causal connection between the injury and the employment." *Ackley*, 2021 UT App 42, ¶ 8 (quotation simplified).

¶13 Utah's appellate courts have long recognized the general rule "that an employee cannot recover for a physiological malfunction which is not job-induced and which could have happened as easily away from work as at work." *Kennecott Corp. v. Industrial Comm'n*, 675 P.2d 1187, 1191 (Utah 1983); *see also JBS Carriers v. Utah Labor Comm'n*, 2022 UT 31, ¶ 10, 513 P.3d 715 (explaining that in *Allen v. Industrial Commission*, 729 P.2d 15 (Utah 1986), the Utah Supreme Court adopted a test to distinguish between injuries resulting from a pre-existing condition that only coincidentally occur while an individual is working and injuries that were precipitated by an employment activity that increased the risk of injury normally faced by the worker in nonwork life).

¶14     But as this court previously recognized, a different rule applies when an idiopathic condition causes an employee to fall at work and sustain injury from that fall.

> A fall originating from an internal or personal weakness or condition of the employee is deemed "idiopathic," and the compensability of injuries resulting from such a fall depends on whether employment conditions increased the dangerous effects of the fall. If the employment does not increase the severity of the injuries resulting from the fall, then there is no causal link between employment and the injury, and the injuries are not compensable.

*Ackley*, 2021 UT App 42, ¶ 18 (citations omitted). In other words, causation is not shown based on the mere fact that the accident or fall happened while the employee was on the clock. Our workers' compensation system implicitly acknowledges that employees routinely bring with them to their jobs myriad idiosyncratic physiological conditions and that these conditions pose risks that could interact with employment conditions to prompt accidents or injuries. But employers bear responsibility to pay benefits only for industrial accidents and injuries.[2] Therefore, "the inquiry" central to determining whether an injury resulting from an

---

2. While Utah's workers' compensation system provides benefits to injured employees for losses resulting from workplace injuries and accidents without regard to proof of fault, *see JBS Carriers v. Utah Labor Comm'n*, 2022 UT 31, ¶ 35, 513 P.3d 715, an employer is not a general insurer, *see Allen v. Industrial Comm'n*, 729 P.2d 15, 27 (Utah 1986); *see also Utah Tax Comm'n v. Industrial Comm'n*, 685 P.2d 1051, 1053 (Utah 1984) ("The purpose of the Workers' Compensation Act is to protect employees who sustain injuries arising out of [and in the course of] their employment by affording financial security during the resulting period of disability.").

idiopathic fall is compensable is whether a workplace or employment condition aggravates "the dangerous effects of [a] fall," which is just another way of referencing "the injuries resulting from the fall." *Id.* Because causation requires that the injury have some connection to employment, an idiopathic condition that causes a fall resulting in injury to an employee does not arise out of employment unless the employment in some way contributes to or aggravates the injury.

¶15    When it concluded that idiopathic falls to level ground are generally not compensable in Utah and denied Ackley's claim for benefits, the Commission was making a good-faith effort to interpret our previous opinion. We take responsibility for returning this case to the Commission with instructions that were perhaps not as clear as they could have been regarding compensability of injuries sustained in an idiopathic fall to level ground. In our previous opinion, we stated that compensability for idiopathic workplace falls depends on "whether a condition of employment increased the risk of injury." *Id.* ¶ 22. We opined that "the Commission should have examined whether the conditions of the floor and [Ackley's] surrounding work area contributed to the hazard of her fall and increased her risk of injury." *Id.* ¶ 29. These potential workplace hazards included "shelving," "a key-making machine," and a "merchandise display." *Id.* ¶ 27. We thus remanded the matter to the Commission to examine the conditions of Ackley's surrounding work area, including the floor. *Id.* ¶ 29.

¶16    On remand however, the Commission aptly recognized that most of the potential workplace hazards we had identified in our first opinion did not contribute to Ackley's injury because she fell to level ground and did not hit anything on her way to the floor. The Commission found that "even though the cabinet, post, key-cutting machine, and counter all represented a potential for increased risk and injury from [Ackley's] workplace, that potential was not *actually realized*" because—fortunately—she did

not strike any of these items during her fall. (Emphasis added.) And the Commission noted that while this court could possibly "determine[] that the mere presence of increased risk is sufficient to causally connect [Ackley's] idiopathic fall to her employment even if she does not come in contact with the hazards that pose the increased risk," the Commission declined to adopt a per se rule to that effect. We agree with the Commission that a per se rule that requires the payment of benefits based simply on the possibility of an increased risk of injury from a fall to level ground at a workplace does not accurately describe the law in Utah. Instead, the potential workplace hazards must actually contribute to the injuries sustained. Stated another way, increased risk alone is not enough; the risk must actually result in increased or aggravated injuries. Indeed, there is no hard-and-fast rule that idiopathic falls onto level floors are never compensable. Nor does our appellate precedent stand for the proposition that idiopathic falls to hard floors are always compensable. Rather, as our supreme court discussed forty years ago, an injured employee may recover for injuries caused by a level-ground idiopathic fall if the "employment places the employee in a position increasing the dangerous effects of such a fall." *Kennecott Corp.*, 675 P.2d at 1191–92 (quotation simplified). We take this opportunity to clarify that, by referencing "increased risk" in our previous opinion, we did not intend to indicate that the mere presence of unactualized risk means that all injuries from an idiopathic fall are compensable.

¶17 But even though Ackley did not hit any of the surrounding hazards on her way to the floor, she did strike her head on the concrete floor of her work area, an event that caused Ackley to suffer injuries. The Commission concluded, however, that those injuries were not compensable because "the presence of a hard flooring surface, by itself," did not "contribut[e] to the hazard of a fall" and was not "a condition of [Ackley's] employment that increased her risk of injury because such risk is ever-present in a given day." The Commission also stated that "[t]he danger of

falling due to personal factors and striking one's head on concrete is not particular to a workplace, retail space, public setting, or even one's own private residence," and concluded that Ackley's fall to the concrete floor was just "one of those accepted and expected risks inherent to countless modes of modern life." The Commission also explicitly acknowledged that this court might disagree with this sentiment and went so far as to put the onus on us to implement a clear standard "[i]f the [appellate] court believes [idiopathic falls] should be considered compensable due to the hardness of the floor."

¶18    Here, we clarify that, in appropriate cases, idiopathic falls to level ground on a hard floor might be compensable, but only if the employee can show, as a factual matter, that the hardness of the floor made the resulting injuries worse. We noted in our previous opinion that "a significant minority" of jurisdictions allow "awards for idiopathic level-floor falls" in appropriate cases. *Ackley*, 2021 UT App 42, ¶ 28 n.12 (quotation simplified). In case it was not clear from our previous opinion, we join that "significant minority" of jurisdictions. But we caution that in order to recover, employees must satisfy the burden of demonstrating that the environment in which they were required to work—including, potentially, the hardness of the floor to which they fell—made their injuries worse than if they had fallen in a different work environment. The fact that hard surfaces are relatively common should not be disqualifying when the question to be answered is whether a concrete floor at a particular workplace increased the effect of the employee's injuries. To be sure, Ackley was required by the terms of her employment to work on this specific floor. Accordingly, whether the condition of Lowe's concrete floor aggravated the effects or severity of Ackley's injuries presents a factual question that has not yet been answered by the Commission. We therefore remand the matter for consideration of that question.

CONCLUSION

¶19   We acknowledge that our first opinion in this matter was less than clear, and on further review we determine that Ackley's injuries are not compensable merely because there existed increased risk of harm. Instead, Ackley must demonstrate that the injuries she sustained from her idiopathic fall while she was working were *actually* made more severe by the environment in which she was required to work. But we clarify that the hardness of the floor to which she fell—which is part of her workplace environment—can potentially qualify as an aggravating factor, and to succeed on such a claim, Ackley will need to meet her burden of demonstrating that the hardness of the floor actually increased the severity of her injuries. Accordingly, we set aside the Commission's decision and remand the matter with instructions for the Commission to reconsider Ackley's claim in a manner consistent with this opinion.

———————