Steven J. VanLEEUWEN, Petitioner,

v.

INDUSTRIAL COMMISSION OF UTAH, Custom Landscape Services, and CNA Insurance Company, Respondents.

No. 940586–CA.

Court of Appeals of Utah.

Aug. 10, 1995.

David S. Kunz, Brad C. Smith, Ogden, for petitioner.

Theodore E. Kanell, Hanson, Epperson & Smith, Salt Lake City, for respondents.

Before BENCH, JACKSON, and WILKINS, JJ.

## OPINION

BENCH, Judge:

Steven J. VanLeeuwen petitions for review of the Industrial Commission's denial of his

claim for workers' compensation benefits. We affirm.

## FACTS

Custom Landscape Services provides mowing, landscaping, and yard care services to individuals and businesses. Custom employed VanLeeuwen as a "Project Supervisor," responsible for supervising other employees and for transporting them to and from various work sites. Custom provided VanLeeuwen with a company truck, which he used to commute to and from Custom's business office.

On the morning of May 6, 1993, VanLeeuwen was driving the truck from his home to Custom's business office when he was involved in an automobile accident. VanLeeuwen suffered serious injuries.

VanLeeuwen filed a claim for workers' compensation benefits with the Industrial Commission. A formal adjudicative hearing was held before an administrative law judge (ALJ). The ALJ denied VanLeeuwen's claim, ruling that VanLeeuwen "was not in the course and scope of his employment with [Custom] as he was driving to work." The ALJ further ruled that "this accident is governed by the going-and-coming rule which precludes benefits being awarded and does not fit into any exception to the rule and, therefore, the claims of [VanLeeuwen] should be dismissed." The ALJ ordered "that the claim of [VanLeeuwen] for payment of unpaid medical expenses, recommended medical care, and temporary total compensation be ... denied."

VanLeeuwen filed with the Commission a Motion for Review. The Commission ruled that "there are no particular facts which take Mr. VanLeeuwen's accident outside the 'coming and going' rule. He was involved in an ordinary commute, travelling at the usual time to the usual place, with no work related duties until he arrived at Custom Landscape's place of business." The Commission

affirmed the ALJ's decision and this petition for writ of review followed.

## STANDARD OF REVIEW

### Interpretation

■ Under Utah Code Ann. § 63–46b–16(4)(d) (1993), we may grant relief from an agency action if the agency "has erroneously interpreted ... the law." " 'We review statutory interpretations by agencies for correctness, giving no deference to the agency's interpretation, unless the statute grants to the agency the discretion to interpret the statute.' " *Employers' Reinsurance v. Industrial Comm'n,* 856 P.2d 648, 650 (Utah App.1993) (quoting *Ferro v. Department of Commerce,* 828 P.2d 507, 510 (Utah App. 1992)).[1] The Utah Workers' Compensation Act (the Act) provides, in pertinent part:

Each employee ... who is injured ... by accident arising out of and in the course of his employment, wherever such injury occurred, ... shall be paid compensation....

Utah Code Ann. § 35–1–45 (1994). In *Cross v. Board of Review of the Indus. Comm'n,* 824 P.2d 1202, 1204 (Utah App.1992), this court held that the Act does not expressly or impliedly grant discretion to the Commission to interpret the specific statutory language. We therefore review the Commission's interpretation of the Act for correctness.

### Application

■ Under section 63–46b–16(4)(d), we may also grant relief from an agency action if the agency "has erroneously ... applied the law." "Every agency decision we review under [the Utah Administrative Procedures Act] necessarily involves an express statutory grant of discretion to the agency to apply the law at issue." *Employers' Reinsurance,* 856 P.2d at 650 n. 3. When an agency has discretion to apply its factual findings to the law, we will not disturb the agency's application " 'unless its determination exceeds the bounds of reasonableness and rationality.' "

---

1. "A legislative grant to an agency to interpret a statute may be either explicit or implicit." *Employers' Reinsurance,* 856 P.2d at 650; *accord Morton Int'l, Inc. v. Auditing Div.,* 814 P.2d 581, 589 (Utah 1991); *Cross v. Board of Review of the*

*Indus. Comm'n,* 824 P.2d 1202, 1204 (Utah App. 1992). See *Employers' Reinsurance,* 856 P.2d at 650–51 for a detailed discussion of explicit and implicit grants of discretion to interpret statutory language.

*Cross*, 824 P.2d at 1204; (quoting *Pro–Benefit Staffing, Inc. v. Board of Review*, 775 P.2d 439, 442 (Utah App.1989)).

## Findings of Fact

When a petitioner challenges an agency's findings of fact, we are required to uphold the findings if they are supported by "substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63–46b–16(4)(g) (1994); *accord Utah Ass'n of Counties v. Tax Comm'n*, 895 P.2d 819, 825 (Utah 1995). Substantial evidence has been defined as " 'that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion.' " *Utah Ass'n of Counties*, 895 P.2d at 825 (quoting *U.S. West Communications, Inc. v. Public Serv. Comm'n*, 882 P.2d 141, 146 (Utah 1994)). "It is not our prerogative on review to reweigh the evidence. Instead, we defer to the Commission's findings because, when reasonably conflicting views arise, it is the Commission's province to draw inferences and resolve these conflicts." *Id.* (citing *Grace Drilling Co. v. Board of Review*, 776 P.2d 63, 68 (Utah App.1989)). As a preliminary matter, before we will subject an agency's findings to the substantial evidence test, the party challenging the findings "must marshal all of the evidence supporting the findings and show that despite the supporting facts, the [agency's] findings are not supported by substantial evidence." *First Nat'l Bank v. County Bd. of Equalization*, 799 P.2d 1163, 1165 (Utah 1990); *accord Cornish Town v. Koller*, 758 P.2d 919, 922 (Utah 1988); *Grace Drilling*, 776 P.2d at 68.

## ANALYSIS

VanLeeuwen argues that the Commission erred by denying his claim because his injury occurred while he was en route to work in a truck provided by Custom and he was, therefore, in the course of his employment at the time of the accident. VanLeeuwen urges this court to reverse the Commission's decision and award him benefits merely because he was driving an employer-owned vehicle and was injured while traveling to work.

The Act provides coverage to employees injured in accidents arising out of and in the course of their employment. Utah Code Ann. § 35–1–45 (1994). As a general rule, injuries sustained by an employee while traveling to and from the place of employment do not arise out of and in the course of employment and are, therefore, not covered by workers' compensation. *See State Tax Comm'n v. Industrial Comm'n*, 685 P.2d 1051, 1053 (Utah 1984) (analyzing the "going and coming" rule); *Barney v. Industrial Comm'n*, 29 Utah 2d 179, 506 P.2d 1271 (1973) (same); *Cross*, 814 P.2d at 1204 (same). This rule has some exceptions, such as

> where transportation was furnished by the employer to the benefit of the employer; where the employer requires the employee to use a vehicle as an instrumentality of the business; where the employee is injured while upon a "special errand" or "special mission" for the employer; where ingress and egress at the place of employment are inherently dangerous; and where the employee combined pleasure and business on a trip, and the business part predominated.

*State Tax Comm'n*, 685 P.2d at 1053 (citations omitted).

In *Whitehead v. Variable Annuity Life Ins. Co.*, 801 P.2d 934 (Utah 1989), the supreme court discussed the relevant factors to consider when applying an exception to the going and coming rule.

> The major premise of the "going and coming" rule is that it is unfair to impose unlimited liability on an employer for conduct of its employees over which it has no control and from which it derives no benefit. Therefore, the major focus in determining whether or not the general rule should apply in a given case is on the benefit the employer receives and his control over the conduct.

*Id.* at 937; *accord Kinne v. Industrial Comm'n*, 609 P.2d 926 (Utah 1980) (holding that employer must receive some benefit). Ultimately, whether an injury arises out of and in the course of employment depends on the facts and circumstances of each case. *State Tax Comm'n*, 685 P.2d at 1053.

■ In the present case, the ALJ's findings indicate that VanLeeuwen received the majority of the benefit from his use of the company-owned truck. VanLeeuwen has not challenged the ALJ's finding, but instead argues that Custom received a substantial benefit from his use of the truck as a matter of law. *See First Nat'l Bank,* 799 P.2d at 1165.

■ A review of the record indicates that the primary benefit to Custom in providing VanLeeuwen with a company-owned truck was his arrival at work. However, mere arrival at work is not considered a substantial benefit to the employer. *See Lundberg v. Cream O'Weber,* 24 Utah 2d 16, 18–19, 465 P.2d 175, 176 (1970) (holding that travel to work earlier than normal for special meeting not essential to employment); *Cross,* 824 P.2d at 1205 (holding that arrival at work not substantial benefit); *Santa Rosa Junior College v. W.C.A.B.,* 40 Cal.3d 345, 220 Cal.Rptr. 94, 97, 708 P.2d 673, 676 (1985) (holding that "an employee going to and from his place of employment is not rendering any service, and begins to render such service only when [arriving at the place of employment.]" (citations omitted)); *Rinehart v. Mossman–Gladden, Inc.,* 77 N.M. 470, 423 P.2d 991, 992 (1967) (holding that "injury is compensable only where the journey is an inherent part of the service for which the employee is compensated or where the travel itself is a substantial part of the service performed.")

Additionally, VanLeeuwen was not performing any service arising out of and in the course of his employment on the morning of the accident. Custom did not require VanLeeuwen to perform any job-related service or use the vehicle as a business instrumentality while traveling to or from work. VanLeeuwen was not on an employment related "special errand" or "special mission" at the time of the accident. VanLeeuwen was not being compensated for his time spent traveling between his home and Custom's office. The accident did not occur on Custom's premises, nor did VanLeeuwen's duties require him to be at the place where the accident occurred. The risk that caused the accident was one common to the traveling public and was not created by duties connected with his employment. *See Rinehart,* 423

P.2d at 992. We therefore conclude that the Commission's finding that VanLeeuwen received the majority of the benefit from his use of the truck was supported by substantial evidence.

■ Moreover, the ALJ found that "[VanLeeuwen] was not under the control or supervision of [Custom] at the time of the accident." VanLeeuwen has not properly challenged this finding and we therefore accept it. *See First Nat'l Bank,* 799 P.2d at 1165. In any event, a review of the record indicates that at the time of the accident, VanLeeuwen was merely traveling to work. He had not yet arrived at work to receive his daily assignments after which he would be under the control of Custom. VanLeeuwen chose his own route each day and occasionally engaged in personal errands while traveling to and from work. Custom's control over VanLeeuwen was no greater than its control over any other employee traveling to and from work. We therefore conclude that the Commission's finding that VanLeeuwen was not under the control and supervision of Custom at the time of the accident was supported by substantial evidence.

Based on its findings and the applicable law, it was not unreasonable for the Commission to conclude that VanLeeuwen's injuries did not arise in the course and scope of his employment. *See Cross,* 824 P.2d at 1204.

## CONCLUSION

The Commission's interpretation of the relevant statutory language was correct. The Commission's findings that any benefit Custom received from VanLeeuwen's use of the truck was inconsequential and that VanLeeuwen was not under the control of Custom at the time of the accident were supported by substantial evidence. The Commission's conclusion that VanLeeuwen's injuries did not arise out of and in the course of his employment was therefore reasonable.

The Commission's order denying VanLeeuwen's claim for benefits is affirmed.

JACKSON and WILKINS, JJ., concur.