Verna **CAPOROZ** and Roxsanne Clastimodo, Sisters of Barney Caporoz, Deceased, Petitioners,

v.

**LABOR COMMISSION, fka Industrial Commission, Uninsured Employers' Fund, Guillermo Rodriguez, Margaret Rodriguez, Willie Rodriguez, and/or Tim Fraga dba Handyman Willie, Respondents.**

No. 960760–CA.

Court of Appeals of Utah.

Aug. 28, 1997.

---

David W. Parker, Salt Lake City, for Petitioners.

Sharon J. Eblen, Salt Lake City, for Respondent Uninsured Employers' Fund.

Alan Hennebold, Salt Lake City, for Respondent Labor Commission.

Before DAVIS, P.J., and BENCH and ORME, JJ.

## OPINION

BENCH, Judge:

Petitioners challenge the Industrial Commission's decision denying them dependent benefits and temporary total disability benefits for their deceased brother. We affirm.

## BACKGROUND

The decedent was injured on May 17, 1994, while working for his employer, Handyman Willie, which was uninsured. As a result of work-related injuries, decedent died on December 17, 1994. Petitioners are, respectively, the sister and half-sister of decedent.

At the time of the accident, decedent lived in a rented home with petitioners. Decedent had moved in with petitioners after their rent was raised from $250 per month to $400 per month, which included most utilities. At the time, Verna Caporoz was earning $220 per week, Roxsanne Clastimodo was earning $170 per week, and decedent was earning $225 per week. The three shared living expenses. Decedent contributed $400 per month, $150 of which represented his portion of the rent, with the rest going towards automobile insurance, cable television, payments on charge accounts, and various other household expenses. Decedent and petitioners also shared the cost of food and telephone.

While decedent lived with petitioners, he purchased some used furniture for himself and petitioners, repaired vehicles, and financially assisted with the purchase of additional vehicles. Decedent also made repairs and improvements to the home for credit towards rent, and he paid for trips to Lagoon, Raging Waters, and Wendover for himself and petitioners.

When decedent was injured, Verna quit her job so she could spend time with him in the hospital. She remained unemployed for approximately five months. During that

time, the cable television and telephone services were cut off and petitioners had to sell some furniture, cars, beds, a television, and a washer and dryer. Both petitioners were employed at the time of the hearing before the administrative law judge and were making payments on accrued obligations.

The administrative law judge denied benefits and petitioners timely filed a Motion to Review before the Industrial Commission, which also denied petitioners' request for benefits. This petition for review followed.

## ISSUES

Petitioners raise the following issues: (1) are petitioners the partial dependents of the decedent under Utah Code Ann. § 35–1–71 (1994),[1] and thereby entitled to dependent benefits and burial benefits under Utah Code Ann. §§ 35–1–68, –81 (1994); and (2) are petitioners entitled to temporary total disability benefits under Utah Code Ann. § 35–1–65 (1994).

## STANDARD OF REVIEW

■ The applicable standard of review for a formal adjudicative hearing is determined by the Utah Administrative Procedures Act (UAPA). *See* Utah Code Ann. § 63–46b–16 (1993); *see also Morton Int'l Inc. v. Auditing Div. of Utah State Tax Comm'n,* 814 P.2d 581, 583 (Utah 1991). When the Legislature has granted an agency the discretion to determine an issue, we review the agency's action for reasonableness. *See Morton,* 814 P.2d at 587 ("[A]n agency has abused its discretion when the agency's action, viewed in the context of the language and purpose of the governing statute, is unreasonable."). The Industrial Commission has been granted broad discretion to determine the facts and apply the law. The Utah Code expressly provides that "[t]he commission has the duty and the full power, jurisdiction, and authority to determine the facts and apply the law in this or any other title or chapter it administers." Utah Code Ann. § 35–1–16(1) (1994) (repealed effective July 1, 1997). When the

Commission "applies the law," we review its determination for reasonableness.

■ We recognize that, in reviewing the Industrial Commission's application of the law to the facts (as opposed to interpreting the law), this court has used the less deferential correction-of-error standard in other cases. *See, e.g., Crapo v. Industrial Comm'n,* 922 P.2d 39, 41 (Utah Ct.App.1996) (holding, because section 35–1–45 contained neither express nor implied grant of discretion to Industrial Commission, its decision will be interpreted nondeferentially for correctness); *Helf v. Industrial Comm'n,* 901 P.2d 1024, 1026 (Utah Ct.App.1995) (same); *King v. Industrial Comm'n,* 850 P.2d 1281, 1291–92 (Utah Ct.App.1993) (same); *Cross v. Board of Review of Industrial Comm'n,* 824 P.2d 1202, 1204 (Utah Ct.App.1992) (same). In those cases, this court considered only the specific statute at issue and did not refer to section 35–1–16. We are therefore not bound, under principles of horizontal stare decisis, to apply the less deferential correction-of-error standard. *See State v. Menzies,* 889 P.2d 393, 399 n. 3 (Utah 1994), *cert. denied,* 513 U.S. 1115, 115 S.Ct. 910, 130 L.Ed.2d 792 (1995). Indeed, in a workers' compensation case decided just before the effective date of UAPA, this court recognized that under section 35–1–16 "the Legislature has comprehensively delegated responsibility over a particular subject to a specialized administrative agency." *Wilburn v. Interstate Elec.,* 748 P.2d 582, 586 (Utah Ct.App.), *cert. granted,* 765 P.2d 1277 (Utah 1988), *and cert. dismissed,* 774 P.2d 1149 (Utah 1989). Pursuant to the legislative grant of discretion in section 35–1–16, we review the determinations in this case for reasonableness.

## ANALYSIS

### Dependent Benefits

■ Petitioners have the burden to establish dependency when, as here, there is no statutory presumption. *See Farnsworth v. Industrial Comm'n,* 534 P.2d 897, 899 (Utah 1975). The question of dependency is largely a determination of fact. *See* Utah Code Ann.

---

**1.** All statutory references are to the statutes as they existed when this cause of action arose.

Effective July 1, 1997, the applicable statutes were recodified.

§ 35–1–71 (1994). When the statutory presumption does not apply, the requirements for dependency are as follows:

(1) There existed some family or other social relationship giving rise to a legal or moral obligation to support; *and*

(2) One or more of the following should be answered affirmatively:

a. That claimant relied upon deceased in whole or in part for support or maintenance; or

b. That it was reasonably necessary for the deceased to render some financial assistance to claimant in order for him to maintain his accustomed standard of living; or

c. That claimant would in all probability have received some assistance from deceased, had he continued to live.

*Sizemore v. Industrial Comm'n,* 4 Utah 2d 126, 128, 288 P.2d 788, 789 (1955) (footnotes omitted).

■ In its Order Denying Motion for Review, the Commission considered the above dependency factors and determined that the decedent and petitioners merely had a "system of sharing common expenses, [with] each of them pa[ying] their own personal expenses." The Commission further stated that petitioners' financial difficulties "resulted from the fact that Ms. Caporoz stopped working, rather than the loss of support from [decedent]." The Commission found that petitioners "were compelled to sell various items of personal property" after Ms. Caporoz remained off work for five months following decedent's accident. Since Ms. Caporoz has returned to work, petitioners have been able to meet their current obligations at the same residence and are "slowly repaying their accumulated debt."

Even though the Commission might well have determined dependency on the given facts, the Commission's decision to deny petitioners dependent benefits is within the broad bounds of reasonableness. *See Morton,* 814 P.2d at 586; *cf. Bradshaw v. Industrial Comm'n,* 103 Utah 405, 408, 135 P.2d 530, 532 (1943) ("Conceding that counsel are right in saying the evidence is such that the Commission might well have found plaintiff was partially dependent on his son for support, the fact remains that the Commission found otherwise and we cannot disturb the findings and decision unless the conclusion reached by the Commission is untenable."). The Commission therefore properly denied dependent benefits.

### Temporary Total Disability Benefits

■ Petitioners contend they are entitled to temporary total disability benefits, on behalf of decedent, even though no claim for temporary total disability benefits was ever filed prior to his death. Long before UAPA was enacted, the Utah Supreme Court ruled on this issue as follows:

The right to compensation for injuries is a right personal to the employee and unless payments have accrued or a determination has been made by the Commission there is no right to which the personal representative or a dependent can succeed.... [U]nless an employee has reduced his claim to an award or has been receiving compensation[,] his cause of action for injuries does not pass to either his personal representative or his dependents.

*Pacific States Cast Iron Pipe Co. v. Industrial Comm'n,* 118 Utah 46, 54–55, 218 P.2d 970, 974 (1950) (citing *Parker v. Industrial Comm'n,* 87 Utah 468, 50 P.2d 278 (1935), and *Heiselt Constr. Co. v. Industrial Comm'n,* 58 Utah 59, 197 P. 589 (1921)). Because no claim for temporary total disability benefits was filed before decedent's death, the Commission's decision denying temporary total disability benefits was proper.

### CONCLUSION

We conclude that the Commission properly denied petitioners dependent benefits and temporary total disability benefits. The decision of the Industrial Commission is therefore affirmed.

DAVIS, P.J., and ORME, J., concur.