2000 Utah Ct. App. 035

**AE CLEVITE, INC. and Liberty Mutual Insurance Company, Petitioners,**

v.

**LABOR COMMISSION and Charles Tjas, Respondents.**

**No. 990218–CA.**

Court of Appeals of Utah.

Feb. 10, 2000.

Dori K. Petersen and Michael E. Dyer, Blackburn & Stoll, LC, Salt Lake City, for Petitioners.

Gary E. Atkin and K. Dawn Atkin, Atkin & Anderson, Salt Lake City, for Respondent Tjas.

Alan Hennebold, Salt Lake City, for Respondent Labor Commission.

Before Judges BILLINGS, DAVIS, and WILKINS.[1]

## OPINION

WILKINS, Judge:

¶ 1 Petitioners Ae Clevite, Inc., and its insurance carrier, Liberty Mutual Insurance Company, seek review from a final order of the Utah Labor Commission (Commission) entered on February 26, 1999, awarding Mr. Charles Tjas workers' compensation benefits from an injury occurring at his home. We affirm.

## BACKGROUND

¶ 2 Neither party disputes the facts of this case. In its ruling the Commission found that Mr. Tjas sustained a severe neck injury causing quadriplegia on January 13, 1997, while spreading salt on the driveway of his residence. When the injury occurred, Mr. Tjas was employed by Ae Clevite, an automotive supply company, as a district sales manager in Utah and several surrounding states. Because Ae Clevite did not have an office in Salt Lake City, it authorized Mr. Tjas to use his personal residence in Salt Lake City as a base of operations for his work. Ae Clevite provided Mr. Tjas with various office supplies, a car, and frequently delivered company correspondence and other materials to Mr. Tjas's home by U.S. mail or private

---

1. Justice Wilkins heard the arguments in this case and participated in its resolution prior to his swearing-in as a member of the Utah Supreme Court.

courier. Part of Mr. Tjas's duties included making sales calls and performing office work at home.

¶ 3 The night before the accident, several inches of snow fell on Mr. Tjas's steep driveway. The next morning, Mr. Tjas drove to several local sales calls but did not clear the snow. Although Mr. Tjas's son removed the snow later that morning, the driveway remained icy. After returning home in the mid-afternoon, Mr. Tjas spent nearly an hour loading his car with material for an upcoming sales trip and waited for a large package to be delivered in connection with the business trip. When Mr. Tjas observed the mailman approaching, he decided to spread salt on the driveway so the postman could make his delivery more safely. In doing so, however, Mr. Tjas slipped on the ice and fell, suffering a severe neck injury.

¶ 4 Mr. Tjas subsequently filed a claim for workers' compensation benefits with the Utah Labor Commission for his injuries. The Commission's Administrative Law Judge (ALJ) concluded that Mr. Tjas's injury arose out of and in the course of his employment and awarded benefits. The Labor Commission subsequently affirmed the ALJ's decision awarding Mr. Tjas compensation pursuant to section 34A–2–401 of the Utah Code. Ae Clevite and its insurance carrier filed this petition for judicial review.

### ISSUE AND STANDARD OF REVIEW

¶ 5 This case involves the application of the Utah Workers' Compensation Act to a "work at home" situation. Specifically, we consider whether the Commission erred in determining that Mr. Tjas's injury "arose out of and in the course of" his employment with Ae Clevite, thus entitling him to workers' compensation benefits under Utah Code Ann. § 34A–2–401 (1997), the Utah Workers' Compensation Act.

■ ¶ 6 The applicable standard of review for a formal adjudicative hearing is governed by the Utah Administrative Procedures Act (UAPA). *See* Utah Code Ann. § 63–46b–16

(1997); *see also Caporoz v. Labor Comm'n,* 945 P.2d 141, 143 (Utah Ct.App.1997). "When the Legislature has granted an agency discretion to determine an issue, we review the agency's action for reasonableness." *Caporoz,* 945 P.2d at 143; *see Cross v. Board of Review of Indus. Comm'n,* 824 P.2d 1202, 1204 (Utah Ct.App.1992) (stating "[w]hen there exists a grant of discretion, 'we will not disturb the Board's application of its factual findings to the law unless its determination exceeds the bounds of reasonableness and rationality' ") (citation omitted). Absent a grant of discretion, we use a correction-of-error standard " 'in reviewing an agency's interpretation or application of a statutory term.' " *Cross,* 824 P.2d at 1204 (citation omitted).

■ ¶ 7 In this case, the Legislature has granted the Commission discretion to determine the facts and apply the law to the facts in all cases coming before it. *See* Utah Code Ann. § 34A–1–301 (1997).[2] As such, we must uphold the Commission's determination that Mr. Tjas's injury "arose out of and in the course of" his employment, unless the determination exceeds the bounds of reasonableness and rationality so as to constitute an abuse of discretion under section 63–46b–16(h)(i) of the UAPA. *See Caporoz,* 945 P.2d at 143 (indicating agency has abused its discretion when agency action is unreasonable). Moreover, we resolve " '[a]ny doubt respecting the right of compensation in favor of the injured employee.' " *Drake v. Industrial Comm'n,* 939 P.2d 177, 182 (Utah 1997) (citation omitted).

### ANALYSIS

■ ¶ 8 To qualify for workers' compensation benefits in Utah, a person must be an employee who suffers an injury caused by an accident. *See Buczynski v. Industrial Comm'n,* 934 P.2d 1169, 1172 (Utah Ct.App. 1997). In addition, the employee must prove two essential elements under section 34A–2–401: (1) the accident occurred "in the course of" the employment, and (2) the acci-

**2.** This section provides: "The commission has the duty and the full power, jurisdiction, and authority to determine the facts and apply the

law in this chapter or any other title or chapter it administers." Utah Code Ann. § 34A–1–301 (1997).

dent "arose out of" the employment. *Id.*[3] An employee must prove both elements by a preponderance of the evidence. *See id.* Petitioners do not dispute that Mr. Tjas sustained an accidental injury. Rather, petitioners argue that the injury does not satisfy either of the elements of section 34A–2–401 of the Utah Code.

### A. "In the Course of" Employment

¶ 9 First, petitioners argue that Mr. Tjas's injury did not arise "in the course of" his employment because Ae Clevite never requested, directed, encouraged, or reasonably expected Mr. Tjas to salt his driveway and because Mr. Tjas was not in an "employer controlled" area when the injury occurred. Utah courts, however, have recognized that an employee's injury arises in the course of employment even if these circumstances are not present. Indeed, "[u]nder Utah law, an accident occurs 'in the course of' employment when it 'occurs while the employee is rendering services to his employer which he was hired to do *or doing something incidental thereto,* at the time when *and the place where he was authorized to render such service.*'" *Buczynski,* 934 P.2d at 1172 (citations omitted; emphasis added); *see Black v. McDonald's of Layton,* 733 P.2d 154, 156 (Utah 1987) (indicating accident is in scope of employment when it occurs "within the period of employment, at a place or area where the employee may reasonably be, and while the employee is engaged in an activity at least incidental to his employment"); 82 Am. Jur.2d *Workers' Compensation* § 266 (1992) (same). An activity is "incidental to the employee's employment if it *advances, directly or indirectly, his employer's interests.*" *Black,* 733 P.2d at 156 (emphasis added).

¶ 10 In this case, the Commission concluded that Mr. Tjas's injury arose in the course of his employment because his efforts to make his driveway safe for the delivery of work-related materials was "reasonably incidental" to his work for Ae Clevite. · Specifically, it ruled that the ability of Ae Clevite to have work-related materials delivered to Mr. Tjas's home by mail or courier service was an "integral part of the employment relationship," so that Mr. Tjas's activity was "reasonably incidental" to his business. We agree. Although Mr. Tjas was not performing a work-related duty or in an employer-controlled area when the injury occurred, he was removing an obstacle which could have impeded his work and was at the location of his regular place of work when the injury occurred. We recognize that Mr. Tjas may have decided to salt the driveway at some other time for his own non-job related purposes, yet the fact remains that when he did, it was in an attempt to remove a hurdle that could have prevented the delivery of the expected business package. In other words, Mr. Tjas's act of salting the driveway was motivated in-part by a purpose to benefit Ae Clevite and thus was reasonably incidental, rather than tangentially related, to his employment. As such, the Commission correctly concluded that Mr. Tjas's injuries arose "in the course of" his employment.

### B. "Arising out of" Employment

¶ 11 Second, petitioners argue that Mr. Tjas's injury did not "arise out of" his employment with Ae Clevite. Specifically, petitioners contend that the injury arose from Mr. Tjas's duty as a homeowner to maintain his premises, a risk Mr. Tjas would have been equally exposed to apart from his employment.

¶ 12 In *Buczynski* we stated that in Utah,

[a]n accident arises out of employment when there is a causal relationship between the injury and the employment. Arising out of, however, does not mean that the accident must be caused by the employment; rather, the employment is thought of more as a *condition* out of which the event arises than as the force producing the event in affirmative fashion.

---

3. Utah Code Ann. § 34A–2–401(1) (1997) reads: Each employee ... who is injured ... by accident arising out of and in the course of the employee's employment, wherever such injury occurred, if the accident was not purposely self-inflicted, shall be paid compensation for loss sustained on account of the injury ... and such amount for medical, nurse, and hospital services and medicines ... as provided in this chapter.

934 P.2d at 1172 (citations and internal quotations omitted; emphasis in original); *see also* 82 Am.Jur.2d *Workers' Compensation* § 269 (1992) (indicating the "arising out of" requirement must be satisfied by a showing of "causal connection between work and injury"; "the injury must have been one of the risks connected with the employment, flowing therefrom as a natural consequence and must have been directly connected with the work").

¶ 13 Under the facts of this case, we agree with the Commission that Mr. Tjas's injury arose from a risk associated with his work for Ae Clevite due to the parties' "work at home" arrangement. As such, we hold the Commission did not err in ruling that Mr. Tjas's injury arose from his employment with Ae Clevite.

## CONCLUSION

¶ 14 As a general proposition, the Workers' Compensation Act, Utah Code Ann. § 34A-2-401 (1997), applies to "work at home" situations when a person sustains an injury by an accident "arising out of and in the course of" the employee's employment. Moreover, we hold that under these facts, Mr. Tjas's injury at his home falls within the category of compensability under section 34A-2-401 because it was an injury that arose out of and in the course of his employment.

¶ 15 Affirmed.

¶ 16 WE CONCUR: JUDITH M. BILLINGS, Judge, and JAMES Z. DAVIS, Judge.

