2002 UT App 389

Linda C. SPEIRS, Petitioner,

v.

SOUTHERN UTAH UNIVERSITY and/or Workers Compensation Fund of Utah, Respondents.

No. 20010374–CA.

Court of Appeals of Utah.

Nov. 21, 2002.

Aaron J. Prisbrey, St. George, for Petitioner.

James R. Black, Salt Lake City, for Respondents.

Before BILLINGS, Associate P.J., ORME, and THORNE, JJ.

OPINION

THORNE, Judge.

¶ 1 Linda C. Speirs appeals from an order of the Utah Labor Commission (Commis-

sion), denying in part and granting in part her request for workers' compensation. We affirm.

## BACKGROUND

¶ 2 On April 30, 1998, Speirs slipped and fell fracturing her nose and injuring her right ankle and left knee while waitressing on the Southern Utah University campus in Cedar City, Utah. Initially, Speirs received workers' compensation benefits. However, after paying Speirs's medical costs related to the accident, her employer, through its workers' compensation insurer, denied Speirs's request for permanent partial disability benefits or future medical benefits. Speirs appealed to the Commission. An administrative law judge (ALJ) convened a medical panel to render a medical opinion in Speirs's case prior to making any finding or drawing any conclusions. The parties submitted stipulated facts to the medical panel and the ALJ asked the medical panel to opine on the following questions:

(1) What is [Speirs's] total physical impairment, if any, for injuries sustained to her knee, ankle, nose and face, respectively? Please explain as necessary.

(2) What future medical treatment will be required as a result of the April 30, 1998, accident described above?

(3) Please address the following medical treatment for [Speirs's] nose and face, ankle, and knee and specifically Dr. Marsden's request for a neurological consultation and whether the current prescription for Guaifenesin [is] necessary as a result of the industrial accident.

¶ 3 The medical panel examined Speirs, reviewed Speirs's medical records, and then issued a one-hundred page detailed report that contained both the panel's medical opinion and the material to support that opinion. In this report, the medical panel opined that: (1) based upon a reasonable medical probability, Speirs's total permanent physical impairment attributable to her knee injury was

zero percent; (2) the total permanent physical impairment attributable to her face and nose injury was zero percent; and (3) Speirs suffered a four percent permanent physical impairment attributable to her ankle injury. The medical panel further opined that Speirs's injuries required no future medical treatment.

¶ 4 Speirs objected to the medical panel's report and asked the ALJ to strike the report, or, in the alternative, provide Speirs with the opportunity to cross-examine the medical panel. The ALJ denied both of Speirs's requests.

¶ 5 The ALJ then found, by a preponderance of the evidence, that Speirs suffered no permanent partial impairment from her left knee, headaches, nasal problems, or other facial injuries. The ALJ further found a four percent whole body impairment attributable to Speirs's ankle injury, and awarded Speirs a total of $915.16 in permanent partial disability compensation. The ALJ also denied Speirs any compensation for future medical treatment for her knee, headaches, nasal problems, or other facial injuries. The ALJ supported his conclusion by reference to both the medical panel's report and other evidence in the record.

¶ 6 Speirs appealed the ALJ's decision to the Commission arguing that (1) the medical panel had usurped the ALJ's authority, (2) the medical panel was biased against her, and (3) the medical panel's conclusions lacked analysis and foundation. The Commission affirmed the ALJ and further found that the medical panel had properly performed the purposes assigned it pursuant to Utah Code Ann. § 34A–2–601 (2002)[1], in that the underlying evidence sufficiently supported the medical panel's report, and that the medical panel's report was consistent with other medical opinions in the record. Speirs appeals.

## ISSUE AND STANDARD OF REVIEW

 ¶ 7 Speirs argues that the medical panel usurped the Commission's authority by making findings of fact.[2] " '[T]he Legisla-

---

1. We refer to the most recent version of the statute because, excepted as specifically noted herein, any changes are not material.

2. Speirs presented the following arguments on appeal: (1) Did the medical panel usurp the authority of the Administrative Law Judge by disregarding the stipulation that was submitted

ture has granted the Commission discretion to determine the facts and apply the law to the facts in all cases coming before it.' " *McKesson Corp. v. Labor Comm'n,* 2002 UT App 10, ¶ 11, 41 P.3d 468 (quoting *Ae Clevite, Inc. v. Labor Comm'n,* 2000 UT App 35, ¶ 7, 996 P.2d 1072)(alteration original). " 'As such, we must uphold the Commission's determination ... unless the determination exceeds the bounds of reasonableness and rationality....' " *Id.* (alterations original).

## ANALYSIS

█ ¶ 8 Speirs challenges the Commission's denial of her claim for additional workers' compensation benefits. Speirs asserts that the medical panel usurped the authority of the ALJ and made findings of fact relating to Speirs's medical history.

█ ¶ 9 "[T]o award compensation, the Commission must determine that an accident has occurred and that there is a causal connection between the accident and the injury claimed." *Pittsburgh Testing Lab. v. Keller,* 657 P.2d 1367, 1370 (Utah 1983). This requires that the Commission make findings of fact and draw conclusions of law. *See, e.g., id.* In difficult cases, the opinions of a medical panel may be of assistance to the Commission in determining whether benefits should be awarded because the medical panel provides the Commission with the benefit of its medical expertise. *See Intermountain Health Care, Inc., v. Industrial Comm'n,* 839 P.2d 841, 845 (Utah Ct.App.1992); *Keller,* 657 P.2d at 1370; *IGA Food Fair v. Martin,* 584 P.2d 828, 830 (Utah 1978). The medical panel is empowered to study, take X-rays, and perform tests as it may determine necessary or desirable in rendering its opinion.

*See* Utah Code Ann. § 34A–2–601(2)(a) (Supp.2002).

█ ¶ 10 However, even when a medical panel is convened, the ALJ/Commission is always the ultimate fact finder. *See Whitear v. Labor Comm'n,* 973 P.2d 982, 986 (Utah Ct.App.1998); *accord IGA Food Fair,* 584 P.2d at 830. Thus, while the ALJ/Commission may convene a medical panel to review applicants' medical condition, the ALJ/Commission may not abdicate its fact-finding responsibility to the medical panel. *See Price River Coal Co. v. Industrial Comm'n,* 731 P.2d 1079, 1084 (Utah 1986).

¶ 11 Here, after reviewing the proffered conflicting medical opinions, the ALJ convened the medical panel to examine Speirs's medical condition. The ALJ provided the panel with a set of stipulated facts and three questions that the ALJ desired the panel to answer. The medical panel accepted the stipulated facts,[3] however, after determining that the stipulated facts were insufficient to properly answer the proffered questions, the medical panel conducted a thorough examination of Speirs, and a thorough review of her medical history. The medical panel then used this information to answer each of the ALJ's proffered questions. The ALJ, after receiving the medical panel's opinion, then examined the record as a whole and issued findings and conclusions awarding Speirs a four percent permanent partial impairment.

██ ¶ 12 We have examined the record and conclude that the ALJ's finding can be supported without reference to the medical panel's opinion.[4] We further conclude that the ALJ properly discharged his duty to make findings of fact and nothing in the record supports Speirs's claim that the ALJ abdicated this responsibility. Thus, any er-

---

to the panel?; (2) was the medical panel biased?; and (3) was there competent evidence to support the medical panel's determination? We have summarized and restated Speirs's arguments to more concisely address them.

3. Speirs also argues that the medical panel ignored the stipulated findings of fact, but this claim is unpersuasive because the medical panel incorporated the stipulated facts into its report.

4. For example, Dr. Knoebel opined that he saw no objective evidence of any permanent impair-

ment or problems secondary to the industrial accident. He opined that Speirs needed no further medical treatment. Dr. Marsden noted that Speirs had minimal nasal obstruction and normal sinuses. Dr. Kumar also provided a comprehensive medical history and opined that Speirs's headaches were caused by "mixed vascular tension." Other medical records contained information about her shoulder injury, a car accident, and her lower back pain, each of which either predated the industrial accident or exacerbated Speirs's existing medical ailments.

ror Speirs attributes to the medical panel's conduct has no bearing on the benefits awarded her.[5]

■ ¶ 13 The ALJ reviewed the medical panel's report and other medical opinions contained in the record and concluded that Speirs suffered a four percent permanent partial impairment. The Commission affirmed the ALJ's findings on appeal. It is not the role of this court to reweigh the evidence and substitute our conclusion for that of the Commission. *See VanLeeuwen v. Industrial Comm'n*, 901 P.2d 281, 284 (Utah Ct.App.1995). " 'Instead, we defer to the Commission's findings because, when reasonably conflicting views arise, it is the Commission's province to draw inferences and resolve these conflicts.' " *Id.* (citations omitted). Under the circumstances presented here, the Commission did not exceed the bounds of reasonableness or rationality in affirming the ALJ's decision. *See McKesson*, 2002 UT App 10 at ¶ 11, 41 P.3d 468.

## CONCLUSION

¶ 14 We conclude that the medical panel properly performed its function and did not usurp the Commission's authority. Furthermore, we conclude that there is sufficient evidence in the record, independent of the medical panel's report, to support the Commission's award. We therefore affirm.

¶ 15 I CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge.

ORME, Judge (dissenting):

¶ 16 I respectfully disagree with my colleagues. The medical panel was provided with seventeen stipulated facts, and three specific questions were put to it. Four months after receiving its relatively simple charge, the medical panel submitted its 100 page report, which amounts to a life history of petitioner laden with irrelevant personal details.

¶ 17 The articulated basis for this peculiar foray is that the medical panel determined the stipulated facts were insufficient to properly answer the questions posed. Given the intention of the parties to have the matter resolved on stipulated facts, in conjunction only with "the deposition of Petitioner herein" and a medical record and report attached to the stipulation, once the medical panel ascertained it could not answer the three questions on the basis of the stipulated information, it should simply have so reported to the administrative law judge.

¶ 18 Once the judge informed the parties of this turn of events, they could then have considered supplementing the stipulation, undertaking additional discovery, proceeding to adjudication, etc. But for the medical panel to simply go its merry way-and for the administrative law judge to endorse this self-authorized adventure-was at odds with the expectation of the parties, as reflected in their stipulation.

¶ 19 I would remand the case to the Industrial Commission, with instructions to set aside the ineffectual stipulation and give petitioner an opportunity to pursue her claim in any alternative way properly available to her.

---

5. Speirs also argues that the ALJ/Commission should not have relied upon the medical panel's findings of fact, for they were not supported by sufficient evidence, and that her due process rights were violated because the medical panel was biased against her. Here, the ALJ/Commission, not the medical panel, made the findings of fact, thus, a sufficiency of the evidence argument does not apply to the medical panel. Furthermore, even if relevant, we are precluded from addressing Speirs's due process claim because she failed to raise this issue before the Commission. Issues not raised in proceedings before administrative agencies are not subject to judicial review except under exceptional circumstances. *See, e.g., Brown & Root Indus. Serv. v. Industrial Comm'n*, 947 P.2d 671, 677 (Utah 1997) (refusing to address issues not raised before the Commission).