2008 UT App 471

**Linda Lee HYMAS, Petitioner,**

v.

**LABOR COMMISSION, SOS Staffing/Hyclone, and/or Insurance Company of the State of Pennsylvania, Respondents.**

No. 20070875–CA.

Court of Appeals of Utah.

Dec. 26, 2008.

Marlin J. Grant, Logan, for Petitioner.

Alan L. Hennebold, Salt Lake City, for Respondent Labor Commission.

Mark D. Dean and Kristy L. Bertelsen, Salt Lake City, for Respondent SOS Staffing/Hyclone and/or Insurance Company of the State of Pennsylvania.

Before GREENWOOD, P.J., McHUGH and ORME, JJ.

## OPINION

GREENWOOD, Presiding Judge:

¶1 Linda Lee Hymas (Mrs. Hymas) petitions for review of the Labor Commission's

decision affirming the Administrative Law Judge's (ALJ) ruling that she is not entitled to death benefits after her husband died of a heart attack while working at SOS Staffing. The ALJ held that Mrs. Hymas failed to establish medical causation between Mr. Hymas's death and his work. We affirm.

## BACKGROUND

¶ 2 Mrs. Hymas sought death benefits based on her claim that the physical stress of her husband's job at SOS caused or contributed to his death. The ALJ reviewed the medical record submitted by Mrs. Hymas, which included a letter from the medical examiner identifying the cause of death as a heart attack, but did not include records from Mr. Hymas's primary physician. The medical examiner's letter stated that "the efforts of work related stress may be a factor in additional work load being placed on the heart," but did not opine as to whether work activities had caused or contributed to Mr. Hymas's heart attack. The ALJ asked if the record was complete, and Mrs. Hymas's attorney responded that it was. Based on that evidence, the ALJ ruled that the medical records Mrs. Hymas submitted did not meet the appropriate medical causation standard to show that a work accident or disease caused or contributed to Mr. Hymas's heart attack.

¶ 3 Mrs. Hymas requested a continuance so that she could submit additional medical evidence. The ALJ denied the request, stating that "[t]he longstanding rule is that you come to the hearing prepared to present the evidence. And we don't make continuances based on the parties'—the sudden realization that they need more evidence." Mrs. Hymas also asked that she and her husband's co-workers be allowed to testify regarding the medical causal connection between the work and her husband's death, but the ALJ refused the request because Mrs. Hymas had failed in her initial burden of showing medical causation, and lay testimony could not overcome this deficiency. Mrs. Hymas requested review by the Labor Commission.

¶ 4 The Labor Commission affirmed the ALJ's ruling, stating that (1) "[b]ecause Mrs. Hymas's witnesses were not qualified to testify as to the medical cause of Mr. Hymas's death, [the ALJ] did not err in rejecting their testimony;" (2) "[Mrs. Hymas] did not submit the necessary medical evidence at the hearing, or explain why it was not possible to obtain such evidence;" and (3) "Mrs. Hymas had a reasonable opportunity to present medical evidence to establish a medical causal connection between Mr. Hymas's work and his death [but did not]."

## ISSUES AND STANDARD OF REVIEW

¶ 5 We review Mrs. Hymas's claim that the Labor Commission erred in denying her workers' compensation benefits following the death of her husband. Mrs. Hymas raises several issues, each sharing the core argument that the Labor Commission abused its discretion and violated her due process rights by not allowing additional evidence and testimony after the initial hearing before the ALJ. "[T]he Legislature has granted the [Labor] Commission discretion to determine the facts and apply the law to the facts in all cases coming before it." *Ae Clevite, Inc. v. Labor Comm'n*, 2000 UT App 35, ¶ 7, 996 P.2d 1072. We will uphold the Labor Commission's determination unless it "exceeds the bounds of reasonableness and rationality." *Id.*

## ANALYSIS

¶ 6 Compensation for a work-related death is governed by Utah Code section 34A–2–401 (Workers Compensation Act), which states:

(1) An employee … who is injured and the dependents of each such employee who is killed, by accident arising out of and in the course of the employee's employment, wherever such injury occurred, if the accident was not purposely self-inflicted, shall be paid:

(a) compensation for loss sustained on account of the injury or death;

(b) the amount provided in this chapter for:

(i) medical, nurse, and hospital services;

(ii) medicines; and

(iii) in case of death, the amount of funeral expenses.

Utah Code Ann. § 34A–2–401 (Supp.2008). Claimants pursuing compensation under the Workers Compensation Act must prove that the employee was killed "by accident," and must also show both medical and legal causation. *See Allen v. Industrial Comm'n.*, 729 P.2d 15, 18, 22–23 (Utah 1986). The Labor Commission determined that Mrs. Hymas had not proved medical causation, and thus determined it was unnecessary to consider whether Mr. Hymas's death was "by accident" or whether there was legal causation.

¶ 7 Mrs. Hymas argues that the Labor Commission failed to follow the proper procedures. Specifically, she argues that the ALJ erred by not considering whether Mr. Hymas's death was an accident, not examining the facts concerning whether Mr. Hymas had a pre-existing condition, and not analyzing legal causation.

¶ 8 *Allen v. Industrial Commission.*, 729 P.2d 15 (Utah 1986), does not prescribe any particular sequence in which the elements of accident, legal causation, and medical causation must be addressed. *See generally id.* Indeed, in the interest of efficiency, if one element cannot be met, there is no reason to address the remaining issues. *See Lancaster v. Gilbert Dev.*, 736 P.2d 237, 239 (Utah 1987) ("Because the result in this case turns on the issue of medical causation, we will not examine the issue of legal causation."). Here, the Labor Commission concluded that the medical causation element had not been met and chose not to consider the questions of accident or legal causation. If the Labor Commission properly concluded that medical causation had not been met, then there was no reason to address the other issues.

■ ¶ 9 We turn, then, to whether the Labor Commission's ruling on medical causation was an abuse of discretion. To demonstrate medical causation, a "claimant must show by evidence, opinion, or otherwise that the stress, strain, or exertion required by his or her occupation led to the resulting injury or disability." *Allen,* 729 P.2d at 27. The Labor Commission determined that the evidence Mrs. Hymas offered did not do this. Mrs. Hymas challenges this decision.

■ ¶ 10 First, the Labor Commission determined that Mrs. Hymas was not prepared for the hearing and that the ALJ had the discretion to deny any continuances that would allow for post-hearing evidence. The Labor Commission relied on its rules to support its position. Rule 602–2–1 of the Utah Administrative Code sets forth the procedures for an adjudication of workers' compensation benefits before the Labor Commission. *See* Utah Admin. Code R602–2–1. Among the instructions are the following:

F. Discovery.

. . . .

6. *Parties shall diligently pursue discovery so as not to delay the adjudication of the claim.* If a hearing has been scheduled, discovery motions shall be filed no later than 45 days prior to the hearing unless leave of the administrative law judge is obtained.

. . . .

H. Medical Records Exhibit.

1. The parties are expected to exchange medical records during the discovery period.

2. Petitioner shall submit all relevant medical records contained in his/her possession to the respondent for the preparation of a joint medical records exhibit at least twenty (20) working days prior to the scheduled hearing.

. . . .

5. The medical record exhibit prepared by the respondent shall be delivered to the Division and the petitioner or petitioner's counsel at least ten (10) working days prior to the hearing. *Late-filed medical records may or may not be admitted at the discretion of the administrative law judge by stipulation or for good cause shown.*

. . . .

I. Hearing.

. . . .

3. No later than 45 days prior to the scheduled hearing, all parties shall file a signed pretrial disclosure form that identifies: (1) fact witnesses the parties actually intend to call at the hearing;

[and] (2) expert witnesses the parties actually intend to call at the hearing. . . .

. . . .

7. *Parties are expected to be prepared to present their evidence on the date the hearing is scheduled. Requests for continuances may be granted or denied at the discretion of the administrative law judge for good cause shown. Lack of diligence in preparing for the hearing shall not constitute good cause for a continuance.*

8. Subject to the continuing jurisdiction of the Labor Commission, the evidentiary record shall be deemed closed at the conclusion of the hearing, and no additional evidence will be accepted without leave of the administrative law judge.

*Id.* (emphases added). Accordingly, the Labor Commission concluded that the ALJ had not abused its discretion in denying Mrs. Hymas's motion for a continuance. Likewise, we conclude that the Labor Commission's decision did not exceed the bounds of reason and rationality.

■ ¶ 11 The Labor Commission also affirmed the ALJ's decision not to allow Mrs. Hymas or Mr. Hymas's co-workers to testify as to the cause of Mr. Hymas's heart attack because "the witnesses were not qualified to testify as to the medical cause of Mr. Hymas's death." The Labor Commission emphasized, as did the ALJ, that the witnesses Mrs. Hymas wished to call were not medical witnesses and that "medical evidence of causation is required." The Labor Commission referred to *Griffith v. Industrial Commission*, 16 Utah 2d 264, 399 P.2d 204 (1965), which asks: "Where the injury complained of affects the internal anatomy, by what means but through medical testimony can petitioner prove that her ailments were caused by the accident?" *Id.* at 206. The Labor Commission stated that the lay testimony may have been "relevant to other aspects of Mrs. Hymas's claim, such as the issue of legal causation. But lay testimony is not competent to prove medical causation." Accordingly, the Labor Commission concluded that the ALJ did not abuse its discretion in refusing to admit the testimony of lay witnesses. Again, we conclude that the Labor Commission's

decision did not exceed the bounds of reason and rationality.

■ ¶ 12 Finally, the Labor Commission determined that the ALJ was not required to submit the medical evidence to a medical panel because medical panels are only mandatory where there is conflicting evidence, and, in this case, the medical records presented did not reveal any conflicting evidence. Rule 602–2–2 of the Utah Administrative Code states:

A. A [medical] panel will be utilized by the Administrative Law Judge where one or more significant medical issues may be involved. Generally a significant medical issue must be shown by conflicting medical reports. Significant medical issues are involved when there are:

1. Conflicting medical opinions related to causation of the injury or disease[.]

Utah Admin. Code R602–2–2. Mrs. Hymas argues that a medical panel was necessary because there was a significant medical issue. In response, the Labor Commission contends that there were no conflicting medical opinions because nothing in the record before the ALJ presented controverted evidence, and therefore, there was no evidence of "a significant medical issue."

[R]eferral to a medical panel is mandatory only where there is a medical controversy as evidenced through conflicting medical reports. Whether there are conflicting medical reports is a question of fact. We must uphold the Commission's factual findings if such findings are supported by substantial evidence based upon the record as a whole.

*Brown & Root Indus. Serv. v. Industrial Comm'n*, 947 P.2d 671, 677 (Utah 1997). Here, the Labor Commission's factual findings are clearly supported by the record: based on the information before the ALJ at the time of the hearing, there were no conflicting medical reports. Indeed, the Labor Commission also indicated that it had reviewed additional documentation from the parties and concluded that there were still no conflicting medical reports. Accordingly, we conclude that the Labor Commission's deci-

sion does not exceed the bounds of reason and rationality.

¶ 13 Affirmed.

¶ 14 WE CONCUR: CAROLYN B. McHUGH, Judge, and GREGORY K. ORME, Judge.