IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Jose Ramirez, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20111055-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| Labor Commission; <u>Auction Direct</u> | ) | (February 24, 2012) |
| <u>Automotive, Inc.; and Auto Owners</u> | ) | |
| <u>Insurance Company</u>, | ) | 2012 UT App 54 |
| | ) | |
| Respondents. | ) | |

-----

Original Proceeding in this Court

Attorneys:     W. Scott Lythgoe, Ogden, for Petitioner
               Lori L. Hansen and Mark R. Sumsion, Salt Lake City, for Respondents
               Auction Direct Automotive, Inc. and Auto Owners Insurance Company

-----

Before Judges McHugh, Voros, and Orme.

¶1      Petitioner Jose Ramirez challenges the Utah Labor Commission's (the Commission) decision denying him workers' compensation benefits. This case is before the court on Respondents' motion for summary disposition.

¶2      On August 2, 2010, Ramirez was working with Auction Direct Automotive, Inc. (Auction Direct) as a car detailer. While at work, Ramirez felt a spasm in his low back and fell to the ground in pain. Dr. James Arango examined Ramirez on August 2, and diagnosed him with "acute myofascial strain of the low back." Dr. Arango did not state that there was a causal relationship between Ramirez's work activities on August 2, 2010, and his back strain and did not complete a Physician's Initial Report of Work

Injury. On August 13, 2010, Dr. Jay Yates evaluated Ramirez as having low back strain, but he also did not complete a Physician's Initial Report of Work Injury. The Administrative Law Judge (ALJ) found that Dr. Yates did not make any statements connecting Ramirez's back strain and his employment. On May 24, 2011, Dr. Deborah Mattingly performed an independent medical examination in which she concluded, "There is no causal medical connection between Mr. Ramirez's current complaints and the alleged industrial accident." The ALJ found that while Ramirez initially denied any back problems prior to August 2, 2010, he later admitted that he had worn a back brace for low back pain. The ALJ found by a preponderance of the evidence that prior to August 2, 2010, Ramirez "suffered routine bouts of low back pain for which he wore a back brace one to four times per month." Ramirez also admitted, and the ALJ so found, that he suffered back pain on August 1, the day before the incident. Because there was no medical opinion "stating a causal connection between Mr. Ramirez's complaints of low back pain and his work activities on August 2, 2010," the ALJ found that "Mr. Ramirez failed to meet his burden of establishing by a preponderance of the evidence that a medical causal connection exists between his low back problems and anything he did at work for Auction Direct on August 2, 2010."

¶3     The Labor Commission affirmed the ALJ's decision. The Commission found that while Dr. Arango diagnosed Ramirez with an acute myofascial strain of his low back, he "did not opine that Mr. Ramirez's low-back condition was medically caused by his work for Auction Direct." Although Dr. Yates's treatment notes stated that Ramirez was drying a car when he "apparently . . . overdid it and injured his back," the Commission read that statement "as Dr. Yates recounting the alleged accident as described by Mr. Ramirez, not [as] an opinion connecting the medical cause of Mr. Ramirez's low-back condition to his employment." Finally, the Commission concluded, "Mr. Ramirez made no proffer of medical evidence supporting the position that his employment medically caused his low-back condition other than Dr. Yates's ambiguous statement and the treatment report of Dr. Arango, who likewise found no medically demonstrable causal connection between Mr. Ramirez's low-back condition and his employment." The Commission also rejected Ramirez's claim that the ALJ abused his discretion by not appointing a medical panel.

¶4    An employee "who is injured . . . by accident arising out of and in the course of the employee's employment," may recover compensation.[1] Utah Code Ann. § 34A-2-401(1) (2011).  "Limiting compensation to accidents 'arising out of and in the course of . . . employment,' *see* Utah Code Ann. § 34A-2-401(1), requires the party seeking compensation to prove both an 'accident' and 'a causal connection between the injury and the employment.'"  *Murray v. Labor Comm'n*, 2012 UT App 33, ¶ 7 (quoting *Allen v. Indus. Comm'n*, 729 P.2d 15, 18 (Utah 1986)).  "[C]ausation is a two-fold concept encompassing both medical causation and legal causation."  *Id.*  To demonstrate medical causation, a "claimant must show by evidence, opinion, or otherwise that the stress, strain, or exertion required by his or her occupation led to the resulting injury or disability."  *Allen*, 729 P.2d at 27 (Utah 1986).  If a claimant "cannot show a medical causal connection, compensation should be denied."  *Id*.  That symptoms unrelated to work activities develop while an employee is at work does not in itself establish medical causation.  *See id.* at 25.  If we determine that the Commission properly concluded that medical causation was not established, it is not necessary to consider legal causation.  *See Hymas v. Labor Comm'n*, 2008 UT App 471, ¶ 8, 200 P.3d 218.

¶5    Ramirez disputes the Commission's determination that the medical records did not establish medical causation.  We review the Commission's application of the causation test "for an abuse of discretion, applying a test of reasonableness and rationality."  *See Murray*, 2012 UT App 33, ¶ 27; *see also Smith's Food & Drug, Inc. v. Labor Comm'n*, 2011 UT App 67, ¶ 6, 250 P.3d 1008 (stating that the Commission's determination will be upheld unless it "exceeds the bounds of reasonableness and rationality").  We conclude that the Commission's determination that Ramirez did not provide sufficient evidence to establish medical causation by a preponderance of the evidence was both reasonable and rational and therefore must be upheld.

---

[1]Ramirez argues that he should recover compensation for injuries "in any way contracted, sustained, aggravated, or incurred by the employee in the course of or because of or arising out of the employee's employment."  *See* Utah Code Ann. § 34A-2-105(1) (2011).  However, section 34A-2-105(1) is the "exclusive remedy provision," which is intended to describe the wide range of actions and claims that are unavailable to an employee seeking to recover against an employer for an alleged industrial injury by any means other than a workers' compensation proceeding.

¶6    Ramirez also claims that the ALJ abused his discretion by not referring the case to a medical panel.  Rule 602-2-2 of the Utah Administrative Code requires referral to a medical panel "where one or more significant medical issues may be involved," which "must generally be shown by conflicting medical reports."  Utah Admin. Code R602-2-2.  "Whether there are conflicting medical reports is a question of fact."  *Brown & Root Indus. Serv. v. Industrial Comm'n*, 947 P.2d 671, 677 (Utah 1977).  The Commission found that based upon the information before the ALJ at the time of the hearing, there were no conflicting medical reports.  *See generally Hymas*, 2008 UT App 471, ¶ 12.  That factual finding is clearly supported by the record.  Accordingly, the Commission's decision that the ALJ was not required to submit the case to a medical panel does not exceed the bounds of reason and rationality.  *See id.*

¶7    We grant Respondents' motion for summary affirmance and affirm the Labor Commission's decision.


_____
Carolyn B. McHugh,
Presiding Judge



_____
J. Frederic Voros Jr.,
Associate Presiding Judge



_____
Gregory K. Orme, Judge